UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------------------------------x

KELLY A. JORDAN,

                              Plaintiff,

   -against-

CLAUDIO FILIPPONE, and
HOLOSGEN, LLC

                            Defendants.

-------------------------------------------------------------------------x

Case No.

**NOTICE OF REMOVAL**

Defendants Claudio Filippone and Holosgen, LLC ("Defendants") file this Notice of Removal of the above-described action to the United States District Court for the Southern District of Florida from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, where the action is now pending, as provided by 28 U.S.C. § 1441, and state:

1.     The above-captioned action was commenced in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, and is now pending in that court. Plaintiff purported to effectuate service of process on Holosgen, LLC on December 3, 2019. Defendants reserve all rights to object to Plaintiff's service of process, and to assert all other defenses permitted by Rule 12(b) of the Federal Rules of Civil Procedure, following removal of this action. A copy of Plaintiff's Complaint setting forth the claim for relief upon which the action is based was first received by Defendant Holosgen, LLC on December 3, 2019.

3.     This action was commenced against Defendants in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County by the Plaintiff, and is of a civil nature alleging claims of breach of fiduciary duty, aiding & abetting breach of fiduciary duty, civil conspiracy, constructive trust, and unjust enrichment. The United States District Court for the Southern District of Florida has jurisdiction by reason of 28 U.S.C. §1332 in that there is

complete diversity between the parties to this action, and the damages demanded by the Complaint exceed $75,000.  As alleged in Paragraph 27 of the Complaint, the value of the Holos Project Department of Energy funding award allegedly diverted by Defendants was $2.3 million. As alleged in the Complaint, Defendant Holosgen, LLC is a Delaware Limited Liability Company, with its principal place of business located at 9207 Enterprise Ct., Suite D, Manassas Park, Virginia 20111.  As alleged in the Complaint, Defendant Claudio Filippone is a citizen and resident of Prince George's County, Maryland.  As alleged in the Complaint, Plaintiff Kelly A. Jordan is a citizen and resident of Seminole County, Florida.

4.     The above-captioned action was commenced by the filing of the Complaint on November 19, 2019.  Holosgen, LLC received a copy of the Complaint on December 3, 2019. Accordingly, the time has not elapsed within which Defendants may file this notice of removal pursuant to 28 U.S.C. § 1446(b)(1).

5.     A copy of all process and pleading served upon Defendants are filed with this notice and attached hereto as **Exhibit A**.   Defendants were granted an extension of time to move, answer, or otherwise respond until January 31, 2020 by Order of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County.  Defendants have not as yet answered or otherwise moved with respect to the Complaint.

6.     Defendants will give written notice of the filing of this notice as required by 28 U.S.C. §1446(d).

7.     A copy of this notice will be filed with the clerk of Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County as required by 28 U.S.C. §1446(d).

FG:10710278.1

WHEREFORE, Defendants request that this action proceed in this Court as an action properly removed to it.

Dated:   January 3, 2020

ROSS EARLE BONAN & ENSOR, P.A.

By:   _/s/ Jacob Ensor_
     Jacob E. Ensor, Esq.
     *Attorneys for Defendants*
     789 SW Federal Hwy., Suite 101
     Stuart, FL 34994
     (772) 287-1745
     jee@reblawpa.com

To:   Alaina Fotiu-Wojtowicz, Esq.
     Brodsky Fotiu-Wojtowicz
     200 SE 1st Street, Suite 400
     Miami, FL 33131
     *Attorneys for Plaintiff*

FG:10710278.1

# EXHIBIT A

Filing # 99278491 E-Filed 11/21/2019 04:04:39 PM

*12/3/19 9:57 AM*
*Nt CA*

| ☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| **DIVISION**<br>☑ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>(a) GENERAL FORMS | **CASE NUMBER**<br>2019-034088-CA-01 |
| **PLAINTIFF(S)**<br>KELLY A. JORDAN | **VS.  DEFENDANT(S)**<br>CLAUDIO FILIPPONE and<br>HOLOSGEN, LLC | **SERVICE** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on
defendant(s): HOLOSGEN, LLC

  9207 ENTERPRISE CT., SUITE D

  MANASSAS PARK, VA 20111

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: Alaina Fotiu-Wojtowicz

whose address is: Brodsky Fotiu-Wojtowicz, PLLC

  200 SE 1st St., Suite 400

  Miami, FL 33131

within 20 days " <u>Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies,
or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days.
When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days.</u>" after service of this summons
on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before
service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for
the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br>**CLERK of COURTS** | *[signature]* 2/9401<br>DEPUTY CLERK | **DATE**<br>11/22/2019 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

CLK/CT. 314  Rev. 09/19

Filing # 99124319 E-Filed 11/19/2019 03:14:52 PM

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | CIVIL COVER SHEET | CASE NUMBER |
|---|---|---|
| ☑ CIVIL<br>☐ DISTRICTS<br>☐ FAMILY<br>☐ OTHER | | |

| PLAINTIFF<br>KELLY A. JORDAN | VS. DEFENDANT<br>CLAUDIO FILIPPONE and<br>HOLOSGEN, LLC | CLOCK IN |
|---|---|---|

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ 001 - Eminent Domain
☐ 003 - Contracts and Indebtedness
☐ 010 - Auto Negligence
☐ 022 - Products Liability
☐ 023 - Condominium
☐ Negligence - Other
  ☐ 097 - Business Governance
  ☑ 098 - Business Torts
  ☐ 099 - Environmental/Toxin Tort
  ☐ 100 - Third Party Indemnification
  ☐ 101 - Construction Defect
  ☐ 102 - Mass Tort
  ☐ 103 - Negligent Security
  ☐ 104 - Nursing Home Negligence
  ☐ 105 - Premises Liability - Commercial
  ☐ 106 - Premises Liability - Residential
  ☐ 107 - Negligence - Other
☐ Real Property/Mortgage Foreclosure
  ☐ 108 - Commercial Foreclosure $0 - $50,000
  ☐ 109 - Commercial Foreclosure $50,001 - $249,999
  ☐ 110 - Commercial Foreclosure $250,000 - or more
  ☐ 111 - Homestead Residential Foreclosure $0 - $50,000
  ☐ 112 - Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 113 - Homestead Residential Foreclosure $250,000 or more
  ☐ 114 - Non-Homestead Residential Foreclosure $0 - $50,000
  ☐ 115 - Non-Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 116 - Non-Homestead Residential Foreclosure $250,000 or more
  ☐ 117 - Other Real Property Actions $0 - $50,000
  ☐ 118 - Other Real Property Actions $50,001 - $249,999

☐ 119 - Other Real Property Actions $250,000 or more
☐ Professional Malpractice
  ☐ 094 - Malpractice - Business
  ☐ 095 - Malpractice - Medical
  ☐ 096 - Malpractice - Other professional
☐ Other
  ☐ 120 - Antitrust/Trade Regulation
  ☐ 121 - Business Transactions
  ☐ 122 - Constitutional Challenge - Statute or Ordinance
  ☐ 123 - Constitutional Challenge - Proposed amendment
  ☐ 124 - Corporate Trust
  ☐ 125 - Discrimination - Employment or Other
  ☐ 126 - Insurance Claims
  ☐ 127 - Intellectual Property
  ☐ 128 - Libel/Slander
  ☐ 129 - Shareholder Derivative Action
  ☐ 130 - Securities Litigation
  ☐ 131 - Trade Secrets
  ☐ 132 - Trust Litigation
☐ 133 - Other Civil Complaint
  ☐ 009 - Bond Estreature
  ☐ 014 - Replevin
  ☐ 024 - Witness Protection
  ☐ 080 - Declaratory Judgment
  ☐ 081 - Injunctive Relief
  ☐ 082 - Equitable Relief
  ☐ 083 - Construction Lien
  ☐ 084 - Petition for Adversary Preliminary Hearing
  ☐ 085 - Civil Forfeiture
  ☐ 086 - Voluntary Binding Arbitration
  ☐ 087 - Personal Injury Protection (PIP)

CLK/CT 96 Rev. 12/09

Clerk's web address: www.miami-dadeclerk.com

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.   Yes ☐   No ☑

REMEDIES SOUGHT (check all that apply):

☑   monetary;

☑   non-monetary declaratory or injunctive relief;

☐   punitive

NUMBER OF CAUSES OF ACTION: [ 6 ]

(specify) Breach of Fiduciary Duty against Defendant Filippone; Aiding and Abetting Breach of Fiduciary Duty against Defendant HolosGen, LLC; Civil Conspiracy against All Defendants; Constructive Trust against All Defendants; Unjust Enrichment against Filippone; Unjust Enrichment against HolosGen, LLC

IS THIS CASE A CLASS ACTION LAWSUIT?

☐   Yes

☑   No

HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?

☑   No

☐   Yes    If "Yes", list all related cases by name, case number, and court.

_____

_____

_____

IS JURY TRIAL DEMANDED IN COMPLAINT?

☑   Yes

☐   No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature  /Alaina Fotiu-Wojtowicz/                    Florida Bar # 84179

Attorney or party                                              (Bar # if attorney)

Alaina Fotiu-Wojtowicz                                      11/19/2019

(type or print name)                                           Date

CLK/CT 96 Rev. 12/09                                         Clerk's web address: www.miami-dadeclerk.com

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET

Plaintiff must file this cover sheet with first paperwork filed in the action or proceeding (except small claims cases or other county court cases, probate, or family cases). Domestic and juvenile cases should be accompanied by a completed Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases. Failure to file a civil cover sheet in any civil case other than those excepted above may result in sanctions.

**I. Case Style.** Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of plaintiff(s) and defendant(s).

**II. Type of Case.** Place an "X" in the appropriate box. If the cause fits more than one type of case, select the most definitive. If the most definitive label is a subcategory (indented under a broader category label, place an "X" in the category and subcategory boxes. Definitions of the cases are provided below in the order they appear on the form.

(A) Condominium - all civil lawsuits pursuant to Chapter 718, Florida Statutes, in which a condominium association is a party.

(B) Contracts and indebtedness - all contract actions relating to promissory notes and other debts, including those arising from sale of goods, but excluding contract disputes involving condominium associations.

(C) Eminent domain - all matters relating to the taking of private property for public use, including inverse condemnation by state agencies, political subdivisions, or public service corporations.

(D) Auto negligence - all matter arising out of a party's allegedly negligent operation of a motor vehicle.

(E) Negligence-other - all actions sounding in negligence, including statutory claims for relief on account of death or injury, that are not included in other main categories.

(F) Business governance - all matters relating to the management, administration, or control of a company.

(G) Business torts - all matters relating to liability for economic loss allegedly caused by interference with economic or business relationships.

(H) Environmental/Toxic tort - all matters relating to claims that violations of environmental regulatory provisions or exposure to a chemical caused injury or disease.

(I) Third party indemnification - all matters relating to liability transferred to a third party in a financial relationship.

(J) Construction defect - all civil lawsuits in which damage or injury was allegedly caused by defects in the construction of a structure.

(K) Mass tort - all matters relating to a civil action involving numerous plaintiffs against one or more defendants.

(L) Negligent security - all matters involving injury to a person or property allegedly resulting from insufficient security.

(M) Nursing home negligence - all matters involving injury to a nursing home resident resulting from negligence of nursing home staff or facilities.

(N) Premises liability-commercial - all matters involving injury to a person or property allegedly resulting from a defect on the premises of a commercial property.

(O) Premises liability-residential - all matters involving injury to a person or property allegedly resulting from a defect on the premises of a residential property.

(P) Products liability - all matters involving injury to a person or property allegedly resulting from the manufacture or sale of a defective product or from a failure to warn.

(Q) Real property/Mortgage foreclosure - all matters relating to the possession, title, or boundaries of real property. All matters involving foreclosures or sales of real property, including foreclosures associated with condominium associations or condominium units.

(R) Commercial foreclosure - all matters relating to the termination of a business owner's interest in commercial property by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(S) Homestead residential foreclosure - all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has been granted a homestead exemption. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(T) Non-homestead residential foreclosure - all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has not been granted a homestead exemption. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(U) Other real property actions – all matters relating to land, land improvements, or property rights not involving commercial or residential foreclosure. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(V) Professional malpractice – all professional malpractice lawsuits.

(W) Malpractice-business – all matters relating to a business's or business person's failure to exercise the degree of care and skill that someone in the same line of work would use under similar circumstances.

(X) Malpractice-medical – all matters relating to a doctor's failure to exercise the degree of care and skill that a physician or surgeon of the same medical specialty would use under similar circumstances.

(Y) Malpractice-other professional – all matters relating to negligence of those other than medical or business professionals.

(Z) Other – all civil matters not included in other categories.

(AA) Antitrust/Trade regulation – all matters relating to unfair methods of competition or unfair or deceptive business acts or practices.

(AB) Business transactions – all matters relating to actions that affect financial or economic interests.

(AC) Constitutional challenge-statute or ordinance – a challenge to a statute or ordinance, citing a violation of the Florida Constitution.

(AD) Constitutional challenge-proposed amendment – a challenge to a legislatively initiated proposed constitutional amendment, but excluding challenges to a citizen-initiated proposed constitutional amendment because the Florida Supreme Court has directed jurisdiction of such challenges.

(AE) Corporate trust – all matters relating to the business activities of financial services companies or banks acting in a fiduciary capacity for investors.

(AF) Discrimination-employment or other – all matters relating to discrimination, including employment, sex, race, age, handicap, harassment, retaliation, or wages.

(AG) Insurance claims – all matters relating to claims filed with an insurance company.

(AH) Intellectual property – all matters relating to intangible rights protecting commercially valuable products of the human intellect.

(AI) Libel/Slander – all matters relating to written, visual, oral, or aural defamation of character.

(AJ) Shareholder derivative action – all matters relating to actions by a corporation's shareholders to protect and benefit all shareholders against corporate management for improper management.

(AK) Securities litigation – all matters relating to the financial interest or instruments of a company or corporation.

(AL) Trade secrets – all matters relating to a formula, process, device, or other business information that is kept confidential to maintain an advantage over competitors.

(AM) Trust litigation – all civil matters involving guardianships, estates, or trusts and not appropriately filed in probate proceedings.

---

**III. Remedies Sought.** Place an "X" in the appropriate box. If more than one remedy is sought in the complaint or petition, check all that apply.

**IV. Number of Causes of Action.** If the complaint or petition alleges more than one cause of action, note the number and the name of the cause action.

**V. Class Action.** Place an "X" in the appropriate box.

**VI. Related Cases.** Places an "X" in the appropriate box.

**VII. Is the Jury Trial Demanded In Complaint?** Check the appropriate box to indicate whether a jury trial is being demanded in the complaint.

**VIII. Complex Business Court -** Check the appropriate box to indicate whether or not this case is to be assigned to the Complex Business Court.

**ATTORNEY OR PARTY SIGNATURE.** Sign the civil cover sheet. Print legibly the name of the person signing the civil cover sheet. Attorneys must include a Florida Bar number. Insert the date the civil cover sheet is signed. Signature is a certification that the filer has provided accurate information on the civil cover sheet.

Filing # 99124319 E-Filed 11/19/2019 03:14:52 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

KELLY A. JORDAN,

                                         Case No.:

Plaintiff,

vs.

CLAUDIO FILIPPONE, and
HOLOSGEN, LLC

Defendant,

_____/

## COMPLAINT

The Plaintiff, KELLY A JORDAN, sues the Defendant, CLAUDIO FILIPPONE, and alleges:

## PARTIES, JURISDICTION, AND VENUE

1.     This is an action for damages and equitable relief within the jurisdiction of this Court.

2.     The Plaintiff, KELLY A. JORDAN ("Dr. Jordan"), is a citizen and resident of Seminole County, Florida.

3.     Defendant CLAUDIO FILIPPONE ("Filippone") is a citizen and resident of Prince George's County, Maryland.

4.     Defendant HOLOSGEN, LLC ("HolosGen, LLC") is a Delaware Limited Liability Company, with its principal place of business located at 9207 Enterprise Ct. Suite D, Manassas Park, VA 20111.

5.     Defendant CLAUDIO FILIPPONE and Plaintiff KELLY A. JORDAN formed a partnership to develop small nuclear reactors for mobile application (the "Holos



BRODSKY FOTIU-WOJTOWICZ

Case No.

Project"). At all material times, Plaintiff KELLY A. JORDAN was authorized to and did act on account of the partnership and was charged with the business of the partnership. The partnership conducted business and had a business office or agency in Longwood, Florida.

6.      This Court has personal jurisdiction over Defendant CLADUIO FILIPPONE under: (1) Fla. Stat. § 48.193(1)(a)(1) by virtue of, through his partnership with Plaintiff KELLY A. JORDAN, "operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state"; and (2) Fla. Stat. § 48.193(1)(a)(2) by conspiring to and committing a tortious act within this state.

7.      This Court has personal jurisdiction over Defendant HOLOSGEN, LLC under Fla. Stat. § 48.193(1)(a)(2) for conspiring to and committing a tortious act within this state.

## GENERAL ALLEGATIONS

8.      In early 2015, Dr. Juan Vitale, a mutual contact of Dr. Jordan and Filippone employed by the Department of Defense, connected Dr. Jordan to Filippone so the two could work together on a small nuclear reactor concept. Dr. Filippone had expertise in thermofluids and turbines, but did not have expertise in nuclear engineering, reactor design, or the many ancillary issues associated with nuclear systems such as regulations, licensing, operations, instrumentation, and funding. These areas are Dr. Jordan's areas of expertise.

9.      On or about April 1, 2015, Dr. Jordan, through Jordan Nuclear Solutions, LLC and Filippone, through Filippone and Associates, LLC, entered into a two-week Agreement titled Consulting Project Statement of Work for Small Modular Reactor

2



BRODSKY FOTIU-WOJTOWICZ

Case No.

Neutronic and Radiation Shield Analyses. Under the Agreement, Dr. Jordan was to perform consulting work related to "the feasibility of very small nuclear reactors for mobile applications." The Agreement, by its own terms, terminated on April 6, 2015.

10.     Because the initial consulting relationship had been a success and Dr. Jordan and Filippone worked well together, in or about November 2016, Dr. Jordan and Filippone reconnected and began to work, jointly as partners, on the Holos Project to develop, fund, and sell small nuclear reactors for mobile application.

11.     Between January 2017 and July 2017, Dr. Jordan performed the design and computational work necessary to support the data for a concept paper regarding the Holos Project. Dr. Jordan completed all design and computational work in Florida.

12.     The full draft of the Holos Project technical paper was completed and Dr. Jordan posted a public engineering archive paper on or about June 23, 2017.

13.     Dr. Jordan submitted the Holos Project technical paper to academic journals on or about September 1, 2017. Dr. Jordan was listed as the "First Author" on behalf of "Holos Generators." Filippone was listed second. The cover letter for the submission listed Dr. Jordan as "Co-Founder, Holos Generators." A copy of the cover letter is attached as Exhibit A.

14.     On September 22, 2017, HolosGen, LLC was formed by Filippone, without Dr. Jordan's knowledge or consent. Upon information and belief, Filippone is the sole member and beneficial owner of HolosGen, LLC. This was one of many steps towards Filippone's plan to usurp the Holos Project for himself.

15.     After the submission of the Holos Project technical paper, Dr. Jordan and Filippone met on or about October 6, 2017 to discuss formalizing their partnership and

3



BRODSKY FOTIU-WOJTOWICZ

Case No.

the formal business structure for the Holos Project.

16.     On or about October 20, 2017 the Department of Energy issued the Advance Research Projects Agency – Energy (ARPA-E) Funding Opportunity Announcement (FOA) DE-FOA-0001798 MEITNER.

17.     Upon receipt of the ARPA-E announcement, Filippone and Dr. Jordan agreed that Dr. Jordan would contact the program manager of ARPA-E, a personal and professional contact of Dr. Jordan's, and pitch the Holos Project.

18.     On November 7, 2017 Filippone and Dr. Jordan met to discuss their business partnership, the project, and staffing requirements.

19.     On or about November 20, 2017, Dr. Jordan completed the initial draft of the first proposal for the ARPA-E and circulated it to Filippone for review.  Dr. Jordan's proposal draft was reviewed and revised by Filippone, among others, over the following two weeks.

20.     On December 4, 2017, Dr. Jordan submitted the final draft of the proposal for the Holos Project to ARPA-E.  The Holos Project proposal included a team structure and total budget, which was agreed upon by Dr. Jordan and Filippone, under which each had equal roles and salaries.  A budget breakdown using the ARPA-E submission template was prepared and supplied the basis for the team and budget section of the proposal.

21.     On December 5, 2017, Filippone's assistant, Kimberly Adams, e-mailed Dr. Jordan and requested his login credentials for ARPA-E.  She represented that the purpose of the request was the "verify all the administrative details" of the application.  In reality, however, the request was another step towards Filippone's plan steal Dr.

4



BRODSKY FOTIU-WOJTOWICZ

Case No.

Jordan's login and, ultimately, to usurp the Holos Project for himself.

22.    On or about January 31, 2018, the Department of Energy sent Dr. Jordan the letter attached as Exhibit B.  The letter encouraged HolosGen, LLC to submit a "Full Application" to ARPA-E, which was due by March 15, 2018.

23.    On or about February 9, 2018, Dr. Jordan received the reviews for the journal paper submission and began work to incorporate them into the Holos Project proposal.

24.    Shortly after the request for a "Full Application", Filippone demanded that Dr. Jordan relinquish his ownership in the Holos Project.  Dr. Jordan refused.

25.    Filippone submitted the full Holos Project proposal to ARPA-E on March 15, 2018 on behalf of HolosGen, LLC.  The application listed Filippone as the "Principal Investigator."   The proposal was submitted through Dr. Jordan's account, without permission, using Dr. Jordan's stolen login.   Filippone removed all mention of Dr. Jordan, and Dr. Jordan's contribution to the Holos Project, from the March 15, 2018 full ARPA-E Holos Project proposal.

26.    On or about March 27, 2018, Filippone presented, and took full credit for, the Holos Project to the International Advanced Reactor Summit 2019.

27.    On or about June 10, 2018 the Department of Energy announced a $2.3 million funding award for the Holos Project, granted to HolosGen, LLC.

5

BFW

BRODSKY FOTIU-WOJTOWICZ

Case No.

## COUNT I
### (Breach of Fiduciary Duty against Defendant Filippone)

28.    Plaintiff KELLY A. JORDAN repeats and realleges the allegations set forth in Paragraphs 1 - 27 as if fully set forth herein.

29.    As alleged above, by virtue of their partnership in the Holos Project, Defendant Filippone owed Plaintiff Dr. Jordan a high duty of loyalty, good faith, and due care.   Indeed, Defendant Filippone owed Plaintiff Dr. Jordan a fiduciary duty that precluding him from competing with the partnership, acting in a manner adverse to the interest of the partnership, usurping or appropriating partnership business opportunities or partnership assets for himself.

30.    Beginning no later than September 22, 2017, and potentially earlier, Filippone breached his fiduciary duty to Dr. Jordan by scheming and conspiring, and in fact engaging in acts and omissions detrimental to Dr. Jordan and the partnership.

31.    This misconduct by Filippone was a breach of his duty of loyalty, good faith, and due care, and of his fiduciary duty to Dr. Jordan.   The nature of Filippone's breaches took several forms, including, but not limited to:

      a.  Placing his own self-interest over the interest of Dr. Jordan with respect to the Holos Project;

      b.  Usurping and appropriating the Holos Project business opportunity for himself, which was the primary business opportunity and the reason the partnership between Filippone and Dr. Jordan was formed; and

      c.  Accepting compensation in the forms of membership interests in HolosGen, LLC, salary, distributions, bonuses, and other payments

6



BRODSKY FOTIU-WOJTOWICZ

Case No.

without sharing the proceeds with Dr. Jordan.

32.   Filippone's breaches of his fiduciary duties proximately caused damage to Dr. Jordan.

WHEREFORE, Plaintiff sues Defendant CLAUDIO FILIPPONE for damages, plus costs, interest, and any other relief the Court deems just and proper.

## COUNT II
### (Aiding and Abetting Breach of Fiduciary Duty against Defendant HolosGen, LLC)

33.   Plaintiff KELLY A. JORDAN repeats and realleges the allegations set forth in Paragraphs 1 - 27, and 29 - 32 as if fully set forth herein.

34.   As alleged above, Filippone owed a fiduciary duty to the Plaintiff, including a duty of loyalty, good faith, and due care, and breached that duty.

35.   Defendant HolosGen, LLC had knowledge of the existence of the fiduciary duty owed by Filippone to the Plaintiff.

36.   Defendant HolosGen, LLC rendered substantial assistance and encouragement to Filippone in his wrongdoing in breaching his fiduciary duty to the Plaintiff.

37.   As a direct and proximate result of wrongfully aiding and abetting Filippone in breaching his fiduciary duty, Defendant HolosGen, LLC caused damages to Dr. Jordan as set forth herein.

WHEREFORE, Plaintiff sues Defendant HOLOSGEN, LLC for damages, plus costs, interest, and any other relief the Court deems just and proper.

7



BRODSKY FOTIU-WOJTOWICZ

Case No.

## COUNT III
### (Civil Conspiracy against All Defendants)

38.     Plaintiff KELLY A. JORDAN repeats and realleges the allegations set forth in Paragraphs 1 - 17, 29 - 32, and 34 - 37 as if fully set forth herein.

39.     The Defendants conspired together to engage in the unlawful acts set forth above.

40.     In the course of that conspiracy, the Defendants committed overt acts pursuant to their secret negotiations and agreement.

41.     As a proximate result of the conspiracy among the Defendants, Dr. Jordan has been damages as alleged herein.

WHEREFORE, Plaintiff sues Defendants CLAUDIO FILIPPONE and HOLOSGEN, LLC for damages, plus costs, interest, and any other relief the Court deems just and proper.

## COUNT IV
### (Constructive Trust against All Defendants)

42.     Plaintiff KELLY A. JORDAN repeats and realleges the allegations set forth in Paragraphs 1 - 17, 29 - 32, and 34 - 37 as if fully set forth herein.

43.     This is a claim for equitable relief in the nature of a constructive trust concerning any interest, direct or indirect, that Filippone or HolosGen, LLC may have in the Holos Project.

44.     Filippone and HolosGen, LLC hold any direct or indirect interest they may have in the Holos Project as constructive trustees for Dr. Jordan, because Filippone and HolosGen, LLC have usurped that opportunity.  Filippone and HolosGen, LLC would be unjustly enriched if they were permitted to retain that interest.

8



BRODSKY FOTIU-WOJTOWICZ

Case No.

45.     To the extent that the interests obtained by Filippone and HolosGen, LLC or any of their affiliates in the Holos Project are not in the name of the Plaintiff, they should be held by any and all of the Defendants in constructive trust for the benefit of the Plaintiff.  All benefits, proceeds, and emoluments of that corporate opportunity already paid or realized by Filippone, HolosGen, LLC, or their designees that rightfully belonging to Dr. Jordan should be disgorged to him.

WHEREFORE   Plaintiff   sues   Defendants   CLAUDIO   FILIPPONE   and HOLOSGEN, LLC for imposition of a constructive trust on any interest in the Holos Project held by any of the Defendants, which rightfully belongs to Dr. Jordan, and for disgorgement of rewards already paid to or realized by Filippone or HolosGen, LLC, or their designees.  Plaintiff also requests that the Court award such incidental relief as may be necessary to do justice including costs and attorneys' fees.

## COUNT V
### (Unjust Enrichment against Filippone)

46.     Plaintiff KELLY A. JORDAN repeats and realleges the allegations set forth in Paragraphs 1 - 4, 6 - 9, and 11 - 27 as if fully set forth herein.

47.     Dr. Jordan has not been compensated, in any way, for the work he completed related to the Holos Project after April 6, 2015.

48.     Through his work on the Holos Project, Dr. Jordan conferred a benefit upon Defendant Filippone.

49.     Defendant Filippone had knowledge of the benefit conferred by Dr. Jordan.

50.     Defendant Filippone accepted and retained the benefit conferred by Dr.

9



BRODSKY FOTIU-WOJTOWICZ

Case No.

Jordan.

51.    The circumstances are such that it would be inequitable for Filippone to retain the benefit conferred without paying fair value for it.

WHEREFORE, Plaintiff sues Defendant CLAUDIO FILIPPONE for damages, plus costs, interest, and any other relief the Court deems just and proper.

## COUNT VI
## (Unjust Enrichment against HolosGen, LLC)

52.    Plaintiff KELLY A. JORDAN repeats and realleges the allegations set forth in Paragraphs 1 - 4, 6 - 9, and 11 - 27 as if fully set forth herein.

53.    Dr. Jordan has not been compensated, in any way, for the work he completed related to the Holos Project after April 6, 2015.

54.    Through his work on the Holos Project, Dr. Jordan conferred a benefit upon Defendant HolosGen, LLC.

55.    Defendant HolosGen, LLC had knowledge of the benefit conferred by Dr. Jordan.

56.    HolosGen, LLC accepted and retained the benefit conferred by Dr. Jordan.

57.    The circumstances are such that it would be inequitable for Defendant HolosGen, LLC to retain the benefit conferred without paying fair value for it.

WHEREFORE, Plaintiff sues Defendant HOLOSGEN, LLC for damages, plus costs, interest, and any other relief the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

10



BRODSKY FOTIU-WOJTOWICZ

Case No.

Dated: November 19, 2019.

Respectfully submitted,

By: _/s/Alaina Fotiu-Wojtowicz_
Alaina Fotiu-Wojtowicz, Esq.
Florida Bar No. 0084179
BRODSKY FOTIU-WOJTOWICZ, PLLC
*Counsel for the Plaintiff*
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel: 305-503-5054
Fax: 786-749-7644

11



# EXHIBIT A

*Cover letter

# Kelly A. Jordan, Ph.D.

2104 SILVER LEA  CT., LONGWOOD FL 32779
**TEL** +1 353 2  277

kajordan@gmail.com

Sept. 1, 2017

To Whom It May Concern:

This paper presents a new micromodular nuclear reactor concept, named Holos. It is a distributable modular nuclear power generator with enhanced safety features, smaller than even current Small Modular Reactors being designed today. The significant innovations in this design and its usage flexibility and design for affordability. The use of existing commercial technologies in the conversion of thermal energy into conditioned electricity reduces needed development time, while the size and safety allow it to be transported to and operated as a stand-alone electric island at sites with no power grid infrastructure

The paper under submission is the first comprehensive public document of this approach and design. We feel this design's applications are significantly wider than other nuclear power solutions, and with a systems emphasis, appropriate for the greater energy audience of your journal.

We look forward to your comments and the comments of the reviewers. Thank you again for your consideration of our work.

Sincerely yours

Kelly Jordan, Ph.D.
Co-Founder
Holos Generators

# EXHIBIT B

 

# Department of Energy
Washington, DC 20585

January 31, 2018

Dr. Kelly Jordan
HolosGen, LLC
9205-H Enterprise Ct.
Manassas park, VA 20111

VIA E-Mail: (kajordan@gmail.com, claudio@holosgen.com, kajordan@gmail.com)

**RE:**   ARPA-E Control Number 1798-1595 – **Notification to Encourage Submission of Full Application**

Dear Dr. Kelly Jordan:

Thank you for submitting a Concept Paper in response to Advanced Research Projects Agency-Energy (ARPA-E) Funding Opportunity Announcement (FOA) DE-FOA-0001798 MEITNER. Upon evaluation of your Concept Paper, ARPA-E has determined to **encourage** the submission of a Full Application. This determination is available for you review in ARPA-E eXCHANGE (http://arpa-e-foa.energy.gov) and can be viewed under 'My Submissions'. In the 'My Submissions' screen, select the 'view' link. Your determination will be visible under the section: 'Concept Paper Response'.

If you would like to submit a Full Application, please refer to the amended FOA addressing Full Applications in ARPA-E eXCHANGE (http://arpa-e-foa.energy.gov). The amended FOA sets forth the requirements for Full Applications, the criteria for the evaluation of Full Applications, and instructions for the submission of Full Applications. The deadline for submission of Full Applications is 5 PM Eastern Time on March 15, 2018.

Your Concept Paper was reviewed by a team of subject matter reviewers. ARPA-E considered their comments in evaluating your Concept Paper. A synopsis of the reviewers' comments on your Concept Paper is provided below for your reference:

> The reviewers expressed concern over the lack of detail in the subtasks. With this in mind, you may wish to be explicit regarding the multi-physics model - how will you couple the thermodynamics, reactor physics and controls? What are the boundary conditions? The reviewers felt it may be helpful for you to provide more details on the facility and equipment needed for the scaled closed-loop. Five tasks were proposed in the concept paper and the reviewers felt that each one is monumental - perhaps it would be helpful to limit the number of tasks to 2-3, or else explain in detail how the five tasks can be completed in the proposed 24 months? Reviewers also noted that the interface between the

AR-326-01.15

Brayton cycle and the organic Rankine cycle could be clarified. You may also find it helpful to include more details on the size, performance, placement, and cost of the heat exchangers within the system. Reviewers also wondered: What is the working fluid in the I-ORC? How were the numbers in Table 1 calculated? How would the Holos Generator couple with wind or solar? You may also wish to include a more detailed discussion of ramp rate and the controlling time scales for this system relative to the relevant timescales for integration with wind and solar.

Answers to Frequently Asked Questions (FAQs) about ARPA-E and the FOA are available at http://arpa-e.energy.gov/faq. For questions that have not already been answered, please send an email with the FOA name and number in the subject line to ARPA-E-CO@hq.doe.gov. Due to the volume of questions received, ARPA-E will only answer questions that have not yet been answered and posted at the above link. For questions relating to the ARPA-E eXCHANGE portal, please send an email with the FOA name and number in the subject line to ExchangeHelp@hq.doe.gov.

Again, thank you for your time, effort, and energy in making your submission. We look forward to receiving your Full Application.

Sincerely,

Dr. Chris Fall
Principal Deputy Director, ARPA-E

AR-326-05.15



Concept Paper Submission Details for ARPA-E Control Number 1798-1595

*(Data as provided by Applicant in ARPA-E eXCHANGE system)*

| Project Title: | Holos: Direct Coupling of a Closed-Loop Brayton Cycle to Eliminate the Balance of Plant |
|---|---|
| Lead Organization: | HolosGen, LLC |
| Proposed Period of Performance: | 24 months |
| Technical Point of Contact: | Dr. Kelly Jordan |
| Administrative Point of Contact: | Dr. Claudio Filippone |

AR-326-05.15

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

KELLY A. JORDAN,

                                 Case No.: 2019-034088-CA-05

Plaintiff,

vs.

CLAUDIO FILIPPONE, and
HOLOSGEN, LLC

Defendant,

_____/

## NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANTS

    Plaintiff KELLY A. JORDAN propounds Interrogatories numbered 1 through 6 to the Defendants CLAUDIO FILIPPONE, and HOLOSGEN, LLC, to be answered in accordance with Florida Rules of Civil Procedure, Rule 1.340.

    WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served on the Defendants along with the Complaint.

                                  Respectfully submitted,

                                  By:  /s/ Alaina Fotiu-Wojtowicz
                                  Alaina Fotiu-Wojtowicz, Esq.
                                  Florida Bar No.: 0084179
                                  BRODSKY FOTIU-WOJTOWICZ, PLLC
                                  *Counsel for Plaintiffs*
                                  200 SE 1st Street, Suite 400
                                  Miami, Florida 33131
                                  Tel:  305-503-5054
                                  Fax:  786-749-7644
                                  alaina@bfwlegal.com
                                  docketing@bfwlegal.com



BRODSKY FOTIU-WOJTOWICZ

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

KELLY A. JORDAN,

Plaintiff,

vs.

CLAUDIO FILIPPONE, and
HOLOSGEN, LLC

Defendant,

_____/

Case No.:

## INTERROGATORIES TO DEFENDANTS

Plaintiff KELLY A. JORDAN propounds Interrogatories numbered 1 through 6 to the Defendants CLAUDIO FILIPPONE, and HOLOSGEN, LLC, to be answered in accordance with Florida Rules of Civil Procedure, Rule 1.340.

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served on the Defendants along with the Complaint.

Respectfully submitted,

By: _/s/ Alaina Fotiu-Wojtowicz_
Alaina Fotiu-Wojtowicz, Esq.
Florida Bar No.: 0084179
BRODSKY FOTIU-WOJTOWICZ, PLLC
*Counsel for Plaintiffs*
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel: 305-503-5054
Fax: 786-749-7644
alaina@bfwlegal.com
docketing@bfwlegal.com



BRODSKY FOTIU-WOJTOWICZ

Case No. 2019-034088-CA-05

## <u>INTERROGATORIES</u>

1)   What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

**ANSWER:**

2)   Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiff's Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

**ANSWER:**

3



BRODSKY FOTIU-WOJTOWICZ

3)      Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit?  If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

**ANSWER:**

4)      List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**ANSWER:**

4



BRODSKY FOTIU-WOJTOWICZ

Case No. 2019-034088-CA-05

5)      Identify each individual or entity who worked on, or otherwise provided services for, the Holos Project on or before June 10, 2018.  For each individual or entity provide their name, address, telephone number, and e-mail address.

ANSWER:

6)      Identify each individual or entity who worked on, or otherwise provided services for, the Holos Project after June 10, 2018.  For each individual or entity provide their name, address, telephone number, and e-mail address.

ANSWER:

5



BRODSKY FOTIU-WOJTOWICZ

Case No. 2019-034088-CA-05

By: _____

STATE OF FLORIDA          )
                          )     ss:
COUNTY OF _____     )

     The foregoing Answers to Interrogatories were acknowledged before me this
_____ day of _____, 2019, by _____, who is personally
known to me or has produced _____ as identification and
who did take an oath.


_____
NOTARY PUBLIC – STATE OF FLORIDA

_____
(Name of Acknowledger Typed, Printed or
 Stamped)


_____
(Title or Rank)

My commission expires:

6



BRODSKY FOTIU-WOJTOWICZ

Filing # 99407069 E-Filed 11/25/2019 01:26:17 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

KELLY A. JORDAN,                                    Case No.: 2019-034088-CA-05

Plaintiff,

vs.

CLAUDIO FILIPPONE, and
HOLOSGEN, LLC

Defendant,
_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, KELLY A. JORDAN, requests that Defendants HOLOSGEN, LLC and
CLAUDIO FILIPPONE produce the documents requested below for inspection and
copying at the offices of the undersigned, in accordance with the applicable Florida Rules
of Civil Procedure.

### Instructions

1.      The documents requested herein shall be produced at the offices of
Brodsky Fotiu-Wojtowicz, PLLC, 200 SE 1st Street, Suite 400, Miami, FL 33131.

2.      Each request for documents seeks production of all documents described,
including all drafts and non-identical copies.

3.      Each request for a document contemplates production of the document in
its entirety, without abbreviation or expurgation, and with any other documents or
attachments to which it is or ever was attached.

4.      In responding to this Request for Production, furnish all responsive
documents that are in your possession, custody, or control, regardless of the location of



BRODSKY FOTIU-WOJTOWICZ

the document, including but not limited to documents that you have the right, authority, or ability to obtain.

5.     If you withhold all or any part of a document by claiming that it is privileged or subject to protection as trial preparation material, make the claim expressly and describe the nature of the documents not produced in a manner that, without revealing information itself privileged or protected, will enable a third party, including the Plaintiff, to assess the applicability of the privilege or protection.

6.     If any information or document requested herein was formerly in your possession, custody or control and has been lost, destroyed, discarded, or otherwise disposed of, you are requested to submit in lieu of any such information or document a written statement: (a) describing in detail the nature of the information or document and its contents; (b) identifying the person or entity who prepared the information or document and, if applicable, the person to whom the information or document was transmitted or sent, and indicate carbon or blind copies; (c) specifying the date on which the information or document was prepared and/or transmitted; (d) specifying the date on which the information or document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the persons requesting and performing such destruction.

7.     To the extent that any responsive information or materials are located subsequent to the time of production, Defendant shall produce such additional material in accordance with the Florida Rules of Civil Procedure.

8.     All electronically stored information is to be produced in native format, preserving all metadata, in reasonably usable form.

2



BRODSKY FOTIU-WOJTOWICZ

Case No. 2019-034088-CA-05

### Definitions

1.  The term "CLAUDIO FILIPPONE" shall include CLAUDIO FILIPPONE, and any employee, affiliate, officer, agent (including, without limitation, attorneys, accountants, consultants, and investment advisors) and any other persons or entities acting on behalf of, in concert with, or under his control or at his direction.

2.  The term "HOLOSGEN, LLC" shall include HOLOSGEN, LLC, and any employee, affiliate, officer, agent (including, without limitation, attorneys, accountants, consultants, and investment advisors) and any other persons or entities acting on behalf of, in concert with, or under its control or at its direction.

3.  The term "Holos Project" shall refer to the project referenced in the Complaint filed on November 19, 2019 in this litigation.

4.  "You", "your," or "yourself" shall include the particular Defendant providing its response to this Request, and any employee, affiliate, officer, agent (including, without limitation, attorneys, accountants, consultants, and investment advisors) and any other persons or entities acting on behalf of, in concert with, or under its control or at its direction.

5.  The singular includes the plural and vice versa; the words "and" and "or" are both conjunctive and disjunctive; the word "all" means "any and all;" the word "any" means "any and all;" and the word "including" means "including but not limited to."

6.  The term "person" shall include natural persons, corporations, partnerships, unincorporated associations, trusts, and all other legal entities.

7.  The terms "regarding," "referring to," and "relating to" mean relating to, referring to, evidencing, reflecting, recording, memorializing, constituting, supporting,

3



BRODSKY FOTIU-WOJTOWICZ

mentioning, or concerning in any way, directly or indirectly.

8.      The masculine or feminine form of nouns and pronouns shall embrace, and be read and applied to include, the plural, feminine, masculine or neuter, as circumstances may make appropriate.

9.      The term "documents" means all writings or graphic digital or electronic materials or any other means of preserving thought or expression, including computer and/or word processing or computer-assisted memory, and all tangible things of any kind or character however stored, retrieved, produced, reproduced or reproducible, from which information can be retrieved, produced, processed or transferred, including originals and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including but not limited to:

    a.      Correspondence, memoranda, notes, messages, letters, telegrams, record of any telephone calls or face-to-face communications;

    b.      E-mail and all other electronic mail or internet messages, (1) including but not limited to those to or from any business or personal email account, Twitter account, Facebook account, Instagram account, or MySpace account, or text or Whatsapp messages, (2) wherever stored, including but not limited to, on remote servers, office servers, private servers, office or personal computer hard drives, or telephones; and (3) whether such have been saved or deleted but retrievable;

    c.      Minutes, books, reports, studies, charts, ledgers, invoices, worksheets, receipts, canceled checks, financial statements, schedules, affidavits, contracts, exhibits, insurance certificates, transcripts, statistics, surveys,

4



BRODSKY FOTIU-WOJTOWICZ

Case No. 2019-034088-CA-05

summaries, compilations, blueprints, specifications, plans, file folders and flaps, test data and graphs depicting test results, inter-office memoranda, intra-office memoranda, stock certificates, balance sheets; and

d.      Notations or statements of any kind whatsoever of communications containing conversations, dialogues, discussions, interviews, consultations, or other understandings between or among two or more persons, whether oral or written.

e.      Manuals, guidelines, booklets, pamphlets or other documents stating, describing, analyzing or discussing standards regarding the delivery of medical, surgical or relating services, including but not limited to inhouse standards, industry standards or suggested "best practice" or similar guidelines, or governmentally-imposed standards.

5



BRODSKY FOTIU-WOJTOWICZ

Case No. 2019-034088-CA-05

## ITEMS REQUESTED

1)   Any and all communications with the Plaintiff Kelly Jordan.

2)   Any and all communications with potential investors in the Holos Project.

3)   Any and all communications with Juan Vitale referring or relating to Dr. Kelly Jordan or the Holos Project.

4)   Any and all communications with any governmental agency or entity, including but not limited to the Department of Energy or ARPA-E, referring or relating to Dr. Kelly Jordan or the Holos Project.

5)   Any and all communications with Dr. Rachel Slaybaugh referring or relating to Dr. Kelly Jordan or the Holos Project.

6)   Any and all communications with Kimberly Adams referring or relating to Dr. Kelly Jordan or the Holos Project.

7)   Any and all communications with Emily Dilorio referring or relating to Dr. Kelly Jordan or the Holos Project.

8)   Any and all communications with Supathorn Phongikaroon referring or relating to Dr. Kelly Jordan or the Holos Project.

9)   Any and all communications with any third party referring or relating to Dr. Kelly Jordan or the Holos Project.

10)  Documents sufficient to identify all current and former beneficial owners of HolosGen, LLC.

11)  HolosGen, LLC's financial statements from January1, 2017 to the present.

12)  HolosGen, LLC's tax returns for 2017 and 2018.

6



BRODSKY FOTIU-WOJTOWICZ

Case No. 2019-034088-CA-05

13)     Documents sufficient to show all income earned by HolosGen, LLC from September 1, 2017 to the present.

14)     Documents sufficient to show all expenses incurred by HolosGen, LLC from September 1, 2017 to the present.

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served on the Defendants along with a copy of the Complaint.

Respectfully submitted,

By: /s/ Alaina Fotiu-Wojtowicz
Alaina Fotiu-Wojtowicz, Esq.
Florida Bar No.0084179
BRODSKY FOTIU-WOJTOWICZ, PLLC
Counsel for the Plaintiff
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel:  305-503-5054
Fax:  786-749-7644
alaina@bfwlegal.com
docketing@bfwlegal.com

7



BRODSKY FOTIU-WOJTOWICZ

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

KELLY A. JORDAN,                                          Case No. : 2019-034088-CA-01

        Plaintiff,

vs.

CLAUDIO FILIPPONE, and HOLOSGEN, LLC

        Defendants.

## MOTION FOR ENLARGEMENT OF TIME,
## NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESS

Ashley M. Sundar, Esquire, of FOSTER GARVEY P.C., as Attorneys for Defendants CLAUDIO FILIPPONE and HOLOSGEN, LLC, hereby files this Motion for Enlargement of Time, Notice of Appearance, and Designation of Email Address and, in support thereof, states as follows:

1.      Defendants' attorney requires additional time to plead, move or otherwise respond to the Plaintiff's Complaint due to previously planned holiday travel, and the need to investigate the facts and possible grounds of defenses and/or motions.

2.      Defendants seek an enlargement of time to plead, move or otherwise respond up to and including January 31, 2020. The undersigned attorney hereby enters her Notice of Appearance on behalf of the Defendants in this action and requests that copies of all pleadings be mailed electronically to the undersigned attorney at the address indicated on this pleading. This notice of appearance and motion for enlargement of time and designation of email address is not a motion responding to the complaint, a motion seeking any affirmative relief, or a responsive pleading and defendants do not waive any defenses including but not limited to lack of personal jurisdiction, insufficient process, and insufficient service of process.

FG:10675984.1

3. This motion for enlargement of time is made pursuant to Rule 1.090(b) of the <u>Florida Rules of Civil Procedure</u>.

**WHEREFORE**, Defendants CLAUDIO FILIPPONE and HOLOSGEN, LLC request an entry of an order extending time to plead, move, or otherwise respond to Plaintiff's Complaint, to and including January 31, 2020.

**FOSTER GARVEY P.C.**
*Attorneys for Defendants*
*CLAUDIO FILIPPONE and HOLOSGEN, LLC*

By: _____
Ashley M. Sundar, Esquire
Florida Bar No. 21537
100 Wall Street, 20th Floor
New York, New York 10016
Phone: 212-965-4536
Primary Designation: <u>ashley.sundar@foster.com</u>
Secondary: <u>jennifer.sylopez@foster.com</u>

## DESIGNATION OF EMAIL ADDRESS

Ashley M. Sundar, of FOSTER GARVEY P.C., as Attorneys for Defendants CLAUDIO FILIPPONE and HOLOSGEN, LLC hereby designates the following e-mail addresses pursuant to Rule 2.516 of the Florida Rule of Judicial Administration for the purpose of service of all documents required to be served in this matter:

Primary E-mail address: ashley.sundar@foster.com
Secondary E-mail address: jennifer.sylopez@foster.com

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on **Alaina Fotiu-Wojtowicz, Esquire, Brodsky Fotiu-Wojtowicz, PLLC**, Attorneys for Plaintiff by U.S. Mail at 200 SE 1st Street, Suite 400, Miami, Florida 33131 on this _19_ day of December, 2019.

**FOSTER GARVEY P.C.**
*Attorneys for Defendants*
*CLAUDIO FILIPPONE and HOLOSGEN, LLC*

By: _____
Ashley M. Sundar, Esquire
Florida Bar No. 21537
100 Wall Street, 20th Floor
New York, New York 10016
Phone: 212-965-4536
Primary Designation: ashley.sundar@foster.com
Secondary: jennifer.sylopez@foster.com

3

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

KELLY A. JORDAN,                                    Case No. : 2019-034088-CA-01

        Plaintiff,

vs.

CLAUDIO FILIPPONE, and HOLOSGEN, LLC

        Defendants.

**ORDER GRANTING MOTION FOR ENLARGEMENT OF TIME
TO FILE ANSWER, MOVE OR OTHERWISE RESPOND TO COMPLAINT**

**THIS CAUSE** having come before the Court upon the Defendants' motion for

Enlargement of Time, and the Court being fully advised in the premises;

**IT IS ORDERED AND ADJUDGED** as follows:

1.    The Defendants' Motion for Enlargement of Time is granted.

2.    The defendants shall have until January 31, 2020 to answer, move, or otherwise

respond to the plaintiff's complaint.

3.    And such other and further relief as this Court deems just and proper:

_____

_____.

**DONE AND ORDERED** this ____ day of December, 2019.

_____
Circuit Court Judge

*Copies furnished to:*
Ashley M. Sundar, Esquire
Alaina Fotiu-Wojtowicz, Esquire

FG:10675984.1

12/19/2019                                              Florida Courts E-Filing Portal

**Harvey Ruvin**
CLERK of the COURTS
MIAMI-DADE COUNTY, FLORIDA

My Cases    My Submissions    Sign Out

Pleading on Existing Case    Case Initiation

Workbench    My Alerts    E-Filing Map

| My Account ▼ | Filing Options ▼ |
| --- | --- |

Welcome - Ashley M Sundar
Last signed in on - 12/19/2019 01:27:07 PM

News & Information

- **09/25/2019 Seal or Expunge Petition** The Miami-Dade Clerk of Courts is pleased to announce the ability to eFile petition to seal or expunge for Juv date for felony cases. See our website for more information http://www.miami-dadeclerk.com/courts_criminal_sealing.asp

- **06/28/2017 - Notice for Name Change Applicants** Pursuant to the FBI Compact Council Agency Privacy Requirements for Non-Crir

## Filing Received Confirmation

---

**1 document is successfully submitted for filing to Trial Court for Miami-Dade County, Florida Circuit Civil Division**
**Uniform Case # you have provided is 132019CA034088000001**
**Court Case # you have provided is 2019-034088-CA-01**
**Reference # for this filing is 100609595**

**Important: If you should contact the court about any document in this filing, please provide this Submission # to help us locate this filing.**

You may want to print this page for your records.    Print

### Recent Filings

| | Pleading | Proposed Order | Submission/NEF | Case Style/Docket | Court Case # | Status | Court | Submission Date | Completion Date/Remarks |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| ► | Submit | | 100609595 | Kelly A Jordan vs HolosGen, LLC et al | 2019-034088-CA-01 | Received | Miami-Dade | 12/19/2019 04:37:36 PM | |

|◄  ◄  1  ►  ►|

Terms Of Use | Privacy Statement | Accessibility | Request E-Filing Support | E-Filing Authority

© 2013 CiviTek

Filing # 100815438 E-Filed 12/26/2019 01:43:22 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2019-034088-CA-01
SECTION: CA05
JUDGE: Veronica Diaz

**Kelly A Jordan**

Plaintiff(s)

vs.

**HolosGen, LLC et al**

Defendant(s)

_____/

**AGREED ORDER ON ENLARGEMENT OF TIME TO FILE ANSWER, MOVE OR
OTHERWISE RESPOND TO COMPLAINT**

THIS CAUSE having come before the Court upon the Defendants' motion for Enlargement of
Time, and the Court being advised of the agreement of counsel, and the Court being fully
advised in the premises;

IT IS ORDERED AND ADJUDGED as follows:

1. The Defendants' Motion for Enlargement of Time is granted.

2. The defendants shall have until January 31, 2020 to answer, move, or otherwise respond to the
plaintiff's complaint.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 26th day of
December, 2019.

2019-034088-CA-01 12-26-2019 1:29 P

2019-034088-CA-01 12-26-2019 1:29 PM
Hon. Veronica Diaz

**CIRCUIT COURT JUDGE**
Electronically Signed

Case No: 2019-034088-CA-01

Page 1 of 2

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Copies Furnished To:**
Alaina Fotiu-Wojtowicz , Email : docketing@bfwlegal.com
Alaina Fotiu-Wojtowicz , Email : alaina@bfwlegal.com
Ashley M Sundar , Email : ashley.sundar@foster.com
Ashley Sundar , Email : ashley.sundar@foster.com

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

KELLY A. JORDAN,                                      Case No. : 2019-034088-CA-01

               Plaintiff,

vs.

CLAUDIO FILIPPONE, and HOLOSGEN, LLC

               Defendants.

## NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESS

Kara M. Steger, Esquire, of FOSTER GARVEY P.C., as Attorneys for Defendants CLAUDIO FILIPPONE and HOLOSGEN, LLC, hereby files this Notice of Appearance, and Designation of Email Address and, in support thereof, states as follows:

1.     The undersigned attorney hereby enters her Notice of Appearance on behalf of the Defendants in this action and requests that copies of all pleadings be mailed electronically to the undersigned attorney at the address indicated on this pleading. This notice of appearance and designation of email address is not a motion responding to the complaint, a motion seeking any affirmative relief, or a responsive pleading and defendants do not waive any defenses including but not limited to lack of personal jurisdiction, insufficient process, and insufficient service of process.

Dated: December 30, 2019

FG:10683820.1

**FOSTER GARVEY P.C.**
*Attorneys for Defendants*
*CLAUDIO FILIPPONE and HOLOSGEN, LLC*

By: _____
    Kara M. Steger, Esquire
    Florida Bar No. 92070
    100 Wall Street, 20th Floor
    New York, New York 10016
    Phone: 212-965-4536
    Primary Designation: kara.steger@foster.com
    Secondary: jennifer.sylopez@foster.com

## DESIGNATION OF EMAIL ADDRESS

Kara M. Steger, of FOSTER GARVEY P.C., as Attorneys for Defendants CLAUDIO FILIPPONE and HOLOSGEN, LLC hereby designates the following e-mail addresses pursuant to Rule 2.516 of the Florida Rule of Judicial Administration for the purpose of service of all documents required to be served in this matter:

Primary E-mail address: kara.steger@foster.com
Secondary E-mail address: jennifer.sylopez@foster.com

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on **Alaina Fotiu-Wojtowicz, Esquire, Brodsky Fotiu-Wojtowicz, PLLC,** Attorneys for Plaintiff by U.S. Mail at 200 SE 1st Street, Suite 400, Miami, Florida 33131 on this 30th day of December, 2019.

FOSTER GARVEY P.C.
*Attorneys for Defendants*
*CLAUDIO FILIPPONE and HOLOSGEN, LLC*

By: _____
Kara M. Steger, Esquire
Florida Bar No. 92070
100 Wall Street, 20th Floor
New York, New York 10016
Phone: 212-965-4536
Primary Designation: kara.steger@foster.com
Secondary: jennifer.sylopez@foster.com

3

**Jennifer Sy Lopez**

| | |
|---|---|
| **From:** | noreply@myflcourtaccess.com |
| **Sent:** | Monday, December 30, 2019 2:53 PM |
| **Subject:** | Filing Received |

Dear Kara Marie Steger:

This email verifies the receipt of 1 document submitted by you to Miami-Dade Circuit Civil on 12/30/2019 02:53:24 PM.

| | |
|---|---|
| UCN: | 132019CA034088000001 |
| Clerk Case #: | 2019-034088-CA-01 |
| Case Style: | Kelly A Jordan vs HolosGen, LLC et al |
| Document Title: | Notice Of Appearance |
| Matter #: | |
| Memo: | |
| Filing Fee: | $0.00 |
| Notice Notice Of Appearance: | $0.00 |
| Statutory Convenience Fee: | $0.00 |
| Total Fee: | $0.00 |
| Fee Status: | Assessed |
| Paid By: | No Payment Required |
| MFC Order #: | |

**The E-Portal reference number of this filing is: 100934190.** Please reference this Filing # in any correspondence.

You will receive a follow-up email when your filing has been docketed with the Clerk.

Follow us on Twitter @FLCourtsEFiling

Subscribe to our YouTube Channel https://www.youtube.com/user/FLCrtsEFilingPortal

View the Training Manualshttps://www.myflcourtaccess.com/authority/trainingmanuals.html

This is a non-monitored email. Do not reply directly to it. If you have any questions about this filing please contact the Miami-Dade Circuit Civil division.

Thank you,
The Florida Courts E-Filing Portal

1