UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:20-cv-20023-RNS

KELLY A. JORDAN,

Plaintiff,

vs.

CLAUDIO FILIPPONE,
HOLOSGEN, LLC, and
HOLOSGEN HOLDINGS, LLC

Defendants,

_____/

**<u>PLAINTIFF'S MOTION TO STRIKE THE EXPERT WITNESS DISCLOSURE AND REPORT OF WILLIAM R. MARTIN AS UNTIMELY AND INCOMPLETE</u>**

Pursuant to Federal Rule of Civil Procedure 37(c)(1), the Plaintiff, Kelly A. Jordan, moves to strike the Defendants' Expert Witness Disclosure for Dr. William R. Martin, first served on February 22, 2021 at 11:42pm, as untimely and incomplete, and precluding Dr. Martin from testifying at trial. In support of his Motion, the Plaintiff states as follows:

**I.       Introduction.**

From the outset of this litigation, the Defendants have been recalcitrant participants in discovery. Indeed, the Defendants have provided late and deficient discovery, and the Plaintiff has been disadvantaged by the Defendants' conduct. The Defendants' late-disclosed expert witness is just the latest example of the Defendants' failure to timely comply with their basic discovery obligations.

As a result of the Defendants' admitted failure to timely comply with their discovery obligations, on January 5, 2021 the Parties agree to, and did, file a Joint Motion to Extend



Discovery Deadlines, including the current, operative deadline for Expert Witness disclosures of January 22, 2021.  (ECF No. 69.)  The Parties requested an extension of the deadline up through and including February 19, 2021.  (*Id.* at p. 5.)  The next day, the Court entered an Order denying the Parties' Joint Motion.  (ECF No. 71.)  In its Order the Court noted that it had "afforded the parties multiple extensions in this case."  (*Id.*)  It also noted that the "parties have known about these issues for over a month and neglected to avail themselves of any number of avenues of relief that would have obviated the need for this extension."  (*Id.*)

As a result of the Court's clear Order, and despite not having received complete and fulsome discovery from the Defendants, the Plaintiff scrambled and timely served his Expert Witness Disclosure and Report on January 22, 2021.  (*See* Plaintiff's Expert Witness Disclosure and Report, attached as Exhibit A.)[1]  The Plaintiff's expert witness, Ronald Quintero, is a business valuation expert and will provide expert witness testimony on the value of the Holos Project.  (*Id.*)

Exactly thirty days after the expert disclosure deadline, without first seeking leave to provide a late expert witness disclosure, the Defendants served their Expert Witness Disclosure and Report at 11:24pm on February 22, 2021. (*See* Defendants' Expert Witness Disclosure and Report, attached as Exhibit B.)  The Defendants' proposed expert witness is a retired Professor of Nuclear Engineering who proposes to provide expert witness testimony on the extent and quality of Dr. Jordan's work.  (*Id.*)

---

[1]   For clarity and consistency, a pin citation to the page number of an Exhibit refers to the page number of the entire PDF, rather than to the numbering included on any separately paginated document or report within the Exhibit.



While the Defendants attempt to justify their late disclosure but titling it a "rebuttal" report,[2] none of the proposed testimony or opinions addressed in Dr. Martin's Report rebut or address anything in Mr. Quintero's Report. Indeed, Dr. Martin does not refer to Mr. Quintero's Report once. Moreover, even if the Report were otherwise proper – it is not – it is incomplete and does not otherwise comply with the requirements of Rule 26(a)(2)(B).

As set out in detail below, the Defendants' late-disclosed Expert Witness Disclosure and Report is untimely, incomplete, and prejudicial and should, therefore, be stricken.

**II.     Factual and Procedural Background.**

1.      The late-disclosed expert witness report is just one in a series of prejudicial late-disclosures made in this case.

2.      The Complaint in this case was originally filed on November 19, 2019 and was removed to this Court on January 3, 2020. (ECF No. 1.)

3.      On February 14, 2020, the Parties agreed to "exchange their Initial Disclosures, and produce all documents identified therein, on or before March 6, 2020." (ECF No. 17 at p. 4.) On February 19, 2020, the Plaintiff propounded initial discovery on the Defendants, which was due on March 20, 2020. (*See* Request for Production and Interrogatories dated February 19, 2020, attached as Exhibit C.)

4.      Based on dates proposed by the Parties, on February 28, 2020 this Court entered its initial Scheduling Order setting the discovery and expert witness disclosure

---

[2] While the introduction of the Defendants' expert disclosure includes the word "rebuttal," the title of the document accurately describes the document as "Defendants' Rule 26(a)(2)(B) Disclosure for William R. Martin." (Ex. B at p. 3)

3



deadlines for September 25, 2020. (ECF No. 18.)

5. On March 5, 2020 counsel for the Defendants requested the entry of a Protective Order for the first time. (*See* e-mail dated March 5, 2020, attached as Exhibit D.)  Thus while, pursuant to the agreement between the Parties, the Plaintiff produced his Initial Disclosure documents on March 10, 2020,[3] the Defendants declined to produce their documents until the disputed terms of a proposed Protective Order were resolved. (*See* Defendants' Initial Disclosure dated March 10, 2020, attached as Exhibit E.)[4]  In addition, the Defendants simply failed to timely respond *at all* to the Plaintiff's initial discovery by the deadline, and failed to provide even a partial production of non-confidential documents.

6. Counsel for the Plaintiff obtained the first available hearing date with Magistrate Judge Torres, who held a hearing on the matter on March 26, 2020 (ECF No. 23), and issued the Protective Order on April 3, 2020, (ECF No. 27).  The Defendants first produced documents on April 6, 2020.  (*See* e-mail dated April 6, 2020, attached as Exhibit F.)[5]

7. After a lengthy meet and confer process that resulted in a small supplemental production of documents by the Defendants, Magistrate Judge Torres

---

[3] The Parties agreed to a brief extension of time within to exchange their disclosures, up through and including March 10, 2020.

[4] The Plaintiff agreed to the entry of a Protective Order but objected to the scope of the Protective Order proposed by the Defendants.

[5] As a result of the delayed initial document production, the Plaintiff was not able to review the Defendants' production prior to the deadline to amend the pleadings.  This resulted in additional work and Motion practice to get to the current, operative, Second Amended Complaint. (*See e.g.,* ECF Nos. 24, 25, 26, 31, 32.)

4



heard the Plaintiff's Motion to Compel on May 21, 2020 (ECF No. 39) and entered an Order compelling production of responsive documents on June 9, 2020 (ECF No. 41). The Court Ordered production on or before June 22, 2020. (*Id.*)

8.      On June 23, 2020 and June 24, 2020, the Defendants began filing documents that the Court ultimately considered as an Appeal of the Magistrate's Discovery Order. (*See* ECF No. 51.) After full briefing, this Court denied the Defendants' discovery Appeal on August 27, 2020, and Ordered that the documents ordered by Judge Torres be produced by September 21, 2020. (ECF No. 59.)[6]

9.      On August 28, 2020, upon Plaintiff's Motion citing the "logistical hurdles imposed as a result of the COVID-19 pandemic; unresolved discovery disputes; and the withdrawal of defense counsel" the Court found good cause and entered an Amended Scheduling Order setting the new deadline to complete fact discovery and exchange expert witness summaries for December 30, 2020. (ECF No. 60.)

10.     New counsel appeared in this case on September 11, 2020 (ECF No. 63), and two supplemental productions were made on September 21, 2020 and October 16, 2020 (*see* e-mails dated September 21, 2020 and October 16, 2020, attached as Composite Exhibit H).

11.     The Parties then agreed to proceed with depositions, but the depositions had to be rescheduled twice because Defendant Claudio Filippone reported symptoms consistent with Covid-19.[7] As a result, on November 18, 2020 the Parties filed a Joint

---

[6]     Counsel for the Parties had agreed that Court's Order on the First Request for Production would also be binding as to the Second Request for Production. (*See* e-mail dated July 24, 2020, attached as Exhibit G.)

[7]     On one of these two occasions, even though Dr. Filippone began experiencing a fever



Motion to extend the discovery and expert witness disclosure deadline to January 22, 2021, (*see* ECF No. 66), which the Court granted that same day (ECF No. 67).

12. At the Defendants' depositions on December 1 and 2, 2020, the Plaintiff became aware for the first time that many documents ordered by Magistrate Judge Torres to be produced had not in fact been produced. The deficiencies in the Defendants' production were identified on the record at the Defendants' depositions and counsel for the Plaintiff further identified the missing documents in an e-mail dated December 11, 2020. (*See* e-mail dated December 11, 2020, attached as Exhibit I.) Additional missing documents were identified during the deposition of Alan Wells, a HolosGen, LLC employee, on January 4, 2021. An inventory of the additional missing documents was provided by e-mail dated January 4, 2021.[8] (*See e-mail* dated January 4, 2021, Exhibit J.)

13. Moreover, after the Defendants' depositions, the Defendants identified a key fact witness for the first time – Dr. Kord Smith. (*See* e-mail dated December 8, 2020, attached as Exhibit K.)[9] Although the Defendants filed three different versions of their Initial Disclosures, this fact witness was not identified in the Initial Disclosures or in

---

and a cough on Saturday November 14, 2020, he traveled to Miami by plane for his deposition, and the Plaintiff and his counsel were first informed of these symptoms at the court reporter's office on Monday, November 16, 2020, after the Plaintiff also needlessly boarded a plane on Sunday November 15, 2020 to be present for the depositions.

[8]  An additional responsive document was also provided by the witness during his deposition.

[9]  The e-mail dated December 8, 2020 also disclosed three additional fact witnesses, which were ultimately withdrawn. (*See* Ex. J.)



response to the Plaintiff's Interrogatories.[10]  To this day, neither the Defendants' Rule 26(a) Disclosures nor the Defendants' Answers to Interrogatories have been updated to reflect this additional witness.

14. In response to these late identified witnesses, the Plaintiff propounded supplemental discovery, which came due less than two weeks before the current discovery deadline.  (*See* Plaintiff's Third Request for Production to Defendants, attached as Exhibit M).[11]

15. In order to give counsel for the Plaintiff time to obtain and review the overdue documents and obtain discovery related to the late-disclosed witnesses in advance of the remaining fact witness depositions, on January 5, 2021, the Parties filed a Joint Motion to Extend Discovery Deadlines, including the January 22, 2021 deadline for expert witness disclosures.  (ECF No. 69.)  The Parties requested an extension of the deadline up through and including February 19, 2021.  (*Id.* at p. 5.)

16. The next day, the Court entered an Order denying the Parties' Joint Motion. (ECF No. 71.)  In its Order the Court noted that it had "afforded the parties multiple extensions in this case."  (*Id.*)  It also noted that the "parties have known about these issues for over a month and neglected to avail themselves of any number of avenues of

---

[10]   Interrogatory 4 of the Plaintiff's First Set of Interrogatories states: "List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the matter about which the witness has knowledge." A copy of the Defendants' Amended Answers to the Plaintiff's Interrogatories is attached as Exhibit L.

[11]   While the Defendants agreed to expedite their response to the Plaintiff's Third Request for Production, the entirety of the expedited production amounted to a handful of documents.  A subpoena served on Dr. Kord Smith resulted in the production of thousands of pages of documents.  Claudio Filippone was copied on, and had access to, many of the documents produced in response to the subpoena, yet they were not produced by the Defendants.



relief that would have obviated the need for this extension." (*Id.*)

17. Although counsel for the Defendants admitted that their production was deficient and agreed to make the requested supplemental production, because the documents had still not been received, on January 7, 2021, the Plaintiff noticed the Parties' discovery dispute for the first available hearing in front of Magistrate Judge Torres on February 4, 2021. (ECF No. 72.)

18. As a result of the Court's clear Order denying the Joint Motion to extend the discovery and expert witness disclosure deadlines, and despite not having received complete and fulsome discovery from the Defendants, the Plaintiff completed the remaining fact witness depositions without the benefit of the admittedly overdue documents, and timely served his Expert Witness Disclosure and Report on January 22, 2021. (*See* Exhibit A.)

19. At 11:25pm on January 22, 2021, as fact discovery closed and after the Plaintiff had already served his expert witness disclosure, the Defendants produced 1,299 pages of overdue documents that were identified as missing in the Plaintiff's December 11, 2020 and January 4, 2021 e-mails. (*See* e-mail dated January 22, 2021, attached as Exhibit N.) As a result, the Plaintiff did not have the opportunity to question any witnesses regarding the late-produced documents, *which were ordered to be produced on or before September 21, 2020*, in advance of trial.

20. Exactly thirty days after the expert disclosure deadline, without first seeking leave to serve a late expert witness disclosure, the Defendants served their Rule 26(a)(2)(B) Expert Witness Disclosure and Report at 11:24pm on February 22, 2021. (*See* Exhibit B.) The Defendants' Expert Witness Disclosure and Report is untimely and

8



unjustified and should therefore be stricken.

21. The Defendants' Expert Witness Disclosure and Report is also incomplete. The opinions to be offered by Dr. Martin are not clearly articulated anywhere in the Report, nor is the basis or support for those opinions. Dr. Martin also fails to clearly identify the facts or data considered, which makes it difficult, if not impossible, to respond to or rebut the various statements made in the Report.

22. The Defendants' late-disclosed Expert Witness Disclosure and Report is also unfairly prejudicial not only because the Plaintiff was forced to conduct discovery and disclose his own expert on a short timeline, but also because the Plaintiff will not have time to retain and disclose a rebuttal expert to contradict Dr. Martin's testimony prior to the close of expert discovery on March 8, 2021 (ECF No. 60).

23. Moreover, considering the Defendants' other discovery violations in this case, the Court should not exercise its discretion to excuse the Defendants' failure to comply with the Court's Scheduling Order here.

**III.     Memorandum of Law.**

**A. Standard on a Motion to Strike an Expert Witness.**

Rule 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witnesses it may use at trial to present [expert witness testimony]." A party's expert witness disclosure is required to include a written report prepared and signed by the expert. Fed. R. Civ. P. 26(a)(2). Expert witness disclosures are required to be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . compliance with

9



the requirements of Rule 26 is not merely aspirational." *Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004).

As a result, Rule 37(c)(1) provides a self-executing sanction for untimely expert reports. Specifically, Rule 37(c)(1) provides that if a party fails to timely provide the information required by Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). The non-disclosing party bears the burden to establish that the failure was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 Fed. App'x 821, 824 (11th Cir. 2009). Here, the Defendants' failure to timely disclose their expert witness was neither substantially justified nor harmless. As a result, the Defendants' Expert Witness Disclosure and Report for Dr. Martin should be stricken and Dr. Martin should be precluded from testifying at trial.

**B. The Defendants' Expert Disclosure was Untimely.**

There is no question that the Defendants' disclosure of Dr. William R. Martin is untimely. The Court's Scheduling Orders set January 22, 2021 as the "[d]eadline to exchange expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2)." (ECF Nos. 60, 67.) There can be no confusion regarding when the deadline to exchange expert witness summaries/reports was because: (1) the Parties explicitly requested an extension of the expert disclosure deadline to allow the Plaintiff additional time to prepare his Report in light of the Defendants' failures to comply with their discovery obligations, which was denied (ECF No. 71); and (2) the Plaintiff timely disclosed his expert on January 22, 2021, which should have served as a reminder of the Court-imposed deadline (Ex. A). The Defendants' disclosure of Dr. Martin was served thirty

10



(30) days after the Court-imposed deadline and is therefore untimely.

While the Court's Scheduling Order permits the designation of rebuttal experts, the Defendants' expert is not a rebuttal expert. Under the Federal Rules of Civil Procedure, a rebuttal expert is one whose testimony "is intended **solely** to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis supplied). A rebuttal report cannot be used to advance new arguments or new evidence. *Kroll v. Carnival Corp.*, No. 19-23017-CIV-GOODMAN, 2020 WL 473444, at *4 (S.D. Fla. Aug. 17, 2020) (citing *Wreal, LLC v. Amazon.com, Inc.*, No. 1421385, 2016 WL 8793317, at *3 (S.D. Fla. Jan. 7, 2016)); *see also Quantum Cap., LLC v. Banco De Los Trabajadores*, No. 1:14-cv-23193-UU, 2015 WL 12156137, at *3 (S.D. Fla. Oct. 20, 2015). When "a party attempts to designate as a 'rebuttal' expert someone whose proposed testimony is beyond the scope of appropriate rebuttal, the witness may be viewed as an initial expert who was not timely designated and whose testimony may be stricken by the Court for violating Rule 26(a) and the Court's governing scheduling order." *Kroll*, 2020 WL 473444, at *5. Courts are not hesitant to exclude or substantially limit expert opinion testimony at trial where "an expert is masquerading as a rebuttal expert because the attorney missed the deadline for expert witness disclosures and tried to cure that mistake by strategically and incorrectly attaching the 'rebuttal expert' designation to the tardily disclosed expert." *Kroll*, 2020 WL 473444, at *5 (citing *inter alia Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ins. Co. of Se*, 492 F. App'x 16, 21-26 (11th Cir. 2012)).

Courts have excluded reports as improperly designated "rebuttal" reports where, as here, the purported "rebuttal" report does not even mention the expert opinions the

11



report is purportedly rebutting. *Kroll*, 2020 WL 47344, at *6. In determining that the expert advanced in *Kroll* was not a proper rebuttal expert, the court noted:

> There is little doubt that Dr. Suite's expert report was not issued to solely rebut the expert opinions of Carnival's expert neurologist, Dr. Barredo. First, most of his report did not even mention Dr. Barredo. Second, when he finally got around to discussing Dr. Barredo's opinions, Dr. Suite said he was 'also' asked to pursue that task. [ ] The phrasing alone confirms that rebutting Dr. Barredo was not the primary intent of his retention.

*Id.* The Court in *Kroll* noted that "if the expert does not act like a rebuttal expert, does not appear to be a rebuttal expert, does not write like a rebuttal expert, and does not actually rebut an opposing expert, then he must not be a rebuttal expert." *Id.* at *7.

A closer examination of the Parties' Expert Reports further demonstrates that the Defendants' expert is not a rebuttal expert. The Plaintiff's expert's opinion addresses the value of the Holos Project and reads as follows:

> **Damages Opinion.** It is my opinion, as expressed to a reasonable degree of financial certainty, that the **damages sustained by Dr. Jordan as of May 29, 2018,** or other proximate date deemed by the Court to be relevant to this matter, as a consequence of the **alleged actions of Dr. Filippone**, amounted to **$1,656,250 (Exhibit 2)**, assuming that he would be entitled to 50% of the aggregate fair value of HolosGen that amounted to $3,312,500 **(Exhibit 2)** as of the Measurement Date.

(Exhibit A at pp. 7-8.)

The Defendants' Expert Report does not address the value of the Holos Project at all. Although it is difficult to identify the specific opinions to be rendered by Dr. Martin in his Report, it appears to address two main topics: (1) the substance of the redline revisions of a Holos Design Paper and how much of that work was done by Dr. Jordan rather than by Dr. Filippone (Ex. B at pp. 6-10); and (2) an analysis of Dr. Jordan's experience with respect to high temperature reactors with TRISO fuel (*id.* at pp. 10-12).



Nowhere in the Report is there any discussion of the value of the Holos Project or any information to contradict Mr. Quintero's opinion.  Dr. Martin's late-disclosed Expert Report is not a rebuttal report and should be stricken as untimely unless the Defendants demonstrates that the late disclosure was either substantially justified or harmless.  It was neither.

### C. The Defendants' Expert Disclosure was Neither Substantially Justified Nor Harmless.

Substantial justification is "'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.'"  *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.*, No. 18-23125-Civ-SCOLA/TORRES, 2020 WL 1695630, at *2 (S.D. Fla. Feb. 12, 2020) (quoting *Ellison v. Windt*, No. 6:99-CV-1268-ORLKRS, 2001 WL 118617 (M.D. Fla. Jan. 24, 2001)).  A failure to timely make the required disclosures is harmless "when there is ***no*** prejudice to the party entitled to the disclosure."  *Health & Wellness Servs.*, 2020 WL 1695630, at *2 (citing *Home Design Servs. Inc. v. Hibiscus Homes of Fla., Inc.*, No. 603CV1860ORL19KRS, 2005 WL 2465020 (M.D. Fla. Oct. 6, 2005))(emphasis supplied).  Courts "routinely strike expert reports or exclude expert testimony which is not timely disclosed, even if the consequence is to preclude a party's entire claim or defense."  *Warren v. Delavista Towers Condo. Ass'n, Inc.*, No. 13-23074-CIV, 2014 WL 3764126, at *1 (S.D. Fla. Jul. 30, 2014) (citing *SantiagoDiaz v. Laboratorio Clinico y de Referencia del Este*, 456 F.3d 272, 277-78 (1st Cir. 2006); *Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1348-49 (11th Cir. 2004))

The Defendants' delayed disclosure here is not substantially justified.  Indeed, the



Defendants have not attempted to justify their late disclosure at all, but instead attempt to improperly disguise their expert as a rebuttal expert to avoid the sanction of exclusion mandated by Rule 37(c)(1). A late disclosed expert report is improper and should be stricken where, as here, it "is nothing more than a unilateral attempt to extend this Court's mandatory scheduling deadlines without first seeking leave of this Court to do so." *Aircraft Parts Exchange, Inc. v. Jet Parts at Cost, Inc.*, No. 12-62032-WILLAIMS/SELTZER, 2013 WL 12109390, at *1 (S.D. Fla. Nov. 22, 2013).

      Moreover, the late disclosure is not harmless. Indeed, the Plaintiff will suffer prejudice in several ways should the Court permit the Defendants' Expert Report to stand. First, to comply with the Court's Scheduling Order, the Plaintiff was forced to sprint to complete fact and expert discovery in light of the Court's Order denying the Parties' Joint Motion for Extension (ECF No. 71). To allow the Defendants the extension that was denied to the Plaintiff upon request, would provide the Defendants with an unwarranted tactical litigation advantage. *See Rosado v. City of Hialeah*, No. 09-23469-CIV, 2010 WL 3395191, at *3 (S.D. Fla. Aug. 27, 2010) (excluding expert testimony where the plaintiff's late disclosure forced the parties to "sprint" to schedule the deposition of the late-disclosed expert.) Second, the Plaintiff will not have sufficient time to identify, retain, and disclose a rebuttal expert to contradict Dr. Martin's testimony within the time provided for expert witness discovery in the Court's Scheduling Orders, which will have the result of permitting Dr. Martin's testimony to proceed uncontradicted. *See e.g., Quantum Cap.,* 2015 WL 12156137, at *3 (striking rebuttal expert report in part because "Plaintiff is prejudiced by being unable to proffer their own rebuttal expert" on the testimony of the improperly designated rebuttal witness.) And finally, in light of the Defendants' admitted

14

discovery violations in this case, the Plaintiff should not be further prejudiced by being forced to put together and prosecute his case on an artificially compressed schedule. *See e.g., Rosado*, 2010 WL 3395191, at *2-3.

### D. The Defendants' Expert Witness Disclosure is Incomplete.

Finally, *even if* the Defendants' Expert Witness Disclosure and Report were otherwise timely – it is not – the Defendants' Expert Disclosure and Report is also incomplete.  Under Rule 26(a) a written expert witness report must include:

> [i] a complete statement of all opinions the witness will express and the basis and reasons for them; [ii] the facts or data considered by the witness in forming them; [iii] any exhibits that will be used to summarize or support them; [iv] the witness's qualifications, including a list of all publications authored in the previous 10 years; [v] a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and [vi] a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).  "'An expert report must be complete to the point where 'opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources.'" *O'Brien v. NCL (Bahamas) Ltd.*, No. 16-23284-CIV-LENARD/GOODMAN, 2017 WL 6949261, at * (S.D. Fla. Octo 13, 2017) (quoting *Frasca v. NCL (Bahamas Ltd.*, No. 12-20662-CIV, 2014 WL 695413, at *4 (S.D. Fla. Feb. 24, 2014)).

Dr. Martin's Report is deficient in a number of respects.  First, the opinions to be offered by Dr. Martin are not clearly articulated anywhere in the Report.  Second, the basis or reason for the opinions are not articulated anywhere in the Report.  And finally, Dr. Martin fails to clearly identify the facts or data considered.



Although not clearly articulated in the Report, the first of Dr. Martin's opinions appears to be that after reviewing the redlined versions of what he refers to as the "HOLOS Paper", he "estimates" that Dr. Jordan spent twenty-nine (29) hours on revising the paper. (Ex. B at p. 10.) Nowhere in the Report does Dr. Martin state or explain the basis for his estimate. Moreover, Dr. Martin refers to the documents he evaluated in coming to his opinion by file name rather than by Bates number. The Defendants have produced 17,208 pages of documents in this case. These documents were not produced according to file name, they are labeled by Bates number. It will be difficult, if not impossible, to identify the documents reviewed and evaluated by the Defendants' expert based upon the vague description provided in the Report.

The second opinion appears to be that there are "two substantial errors in [Dr. Jordan's] consulting report that illustrate his lack of knowledge and experience regarding reactor analysis." (Ex. B at p. 12.) The basis for these opinions, however, is not expressed anywhere in the Report. For example, the Report includes statements that "[t]hese results are totally wrong," or "absurd" but provide no support for *why* the results are allegedly "totally wrong" or "absurd". (*Id.*) Moreover, again the documents and data reviewed are not identified anywhere in the Report. Indeed, while there are several papers and reports authored by Dr. Jordan, in whole or in part, that are at issue in this case, nowhere are any of the documents evaluated and discussed by Dr. Martin specifically identified. (*Id.*) It is impossible to determine from the Report which document or documents Dr. Martin is evaluating. (*Id.*) Dr. Martin likewise refers to and quotes from outside publications and research without providing copies of that information along with the Report. (*Id.*)



As a result, *even if* the Defendants' Expert Disclosure and Report were not otherwise subject to exclusion, the Report is likewise subject to exclusion for failure to comply with the basic disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B). *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1323-24 (11th Cir. 2008) (upholding the trial court's order striking the plaintiff's expert where the "plaintiffs failed to provide any sufficient disclosures 'as required by Rule 26(a),' before the deadline, so they could not offer any expert witnesses at trial."); *Quantum Cap.,* 2015 WL 12156137, at *2 (striking report for failing to articulate the opinions to be offered and explain the basis for the opinions).

### IV.     Conclusion.

WHEREFORE for the foregoing reasons, the Plaintiff respectfully requests that the Court enter an Order striking the Defendants' late-disclosed, incomplete Expert Disclosure and Report for Dr. William R. Martin, precluding Dr. Martin from testifying at trial, and granting such other and additional relief as the Court deems just and proper.

### CERTIFICATE OF CONFERRAL

Pursuant to Rule 7.1(a)(3) of the Local Rules, undersigned counsel hereby certifies that she conferred with Santiago Cueto, counsel for Defendants, by e-mail on February 23, 2021 in a good faith effort to resolve the issue raised in this Motion, and the Defendants do not agree to the relief requested.

Respectfully submitted,

By: */s/ Alaina Fotiu-Wojtowicz*
Alaina Fotiu-Wojtowicz, Esq.
Florida Bar No.0084179
BRODSKY FOTIU-WOJTOWICZ, PLLC
*Counsel for the Plaintiff*
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel:  305-503-5054
Fax:  786-749-7644
alaina@bfwlegal.com
docketing@bfwlegal.com

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email service to all parties on the attached Service List on this 25th day of February, 2021.

/s/   *Alaina Fotiu-Wojtowicz*
Alaina Fotiu-Wojtowicz, Esq.

### **SERVICE LIST**

Santiago A. Cueto, Esq.
Florida Bar No.: 162566
Cueto Law Group PL
*Counsel for Defendants*
4000 Ponce de Leon Blvd, Suite 470
Coral Gables, FL 33146
Tel: (305) 777-0377
Fax: (305) 777-0449
sc@cuetolawgroup.com
*Counsel for Defendants*

