# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 20-20023-Civ-SCOLA/TORRES

KELLY A. JORDAN,

    Plaintiff,

v.

CLAUDIO FILIPPONE.
HOLOSGEN, LLC, and
HOLOSGEN HOLDINGS, LLC,

    Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE AN EXPERT WITNESS

This matter is before the Court on Kelly A. Jordan's ("Plaintiff") motion to strike the expert witness disclosure and report of William R. Martin ("Dr. Martin"). [D.E. 74].  Claudio Filippone, HolosGen LLC, and HolosGen Holdings LLC (collectively, "Defendants") responded on March 11, 2021 [D.E. 85] to which Plaintiff replied on March 18, 2021.  [D.E. 87].  Therefore, Plaintiff's motion is now ripe for disposition.  After careful consideration of the motion, response, reply, relevant authorities, and for the reasons discussed below, Plaintiff's motion to strike Dr. Martin is **GRANTED**.[1]

---

[1] On March 8, 2021, the Court referred Plaintiff's motion to strike to the undersigned Magistrate Judge for disposition.  [D.E. 82].

### I. ANALYSIS

Plaintiff seeks to strike Dr. Martin because (1) he is not an actual rebuttal expert, and (2) his report is otherwise incomplete. Plaintiff says that, although parties may produce rebuttal experts as permitted under Fed. R. Civ. P. 26(a)(2)(D)(ii) [2], Dr. Martin fails to meet that criteria because he does not contradict or rebut any arguments in Plaintiff's expert report. Indeed, Plaintiff claims that there is nothing in Dr. Martin's report that rebuts the opinions of Plaintiff's expert and that Dr. Martin is masquerading as a rebuttal expert when all the evidence shows otherwise. *See Kroll v. Carnival Corp.*, 2020 WL 4793444, at *5 (S.D. Fla. Aug. 17, 2020) ("District courts, including those in Florida, are not hesitant to exclude or substantially limit expert opinion testimony at trial when an expert is masquerading as a rebuttal expert because the attorney missed the deadline for expert witness disclosures and tried to cure that mistake by strategically and incorrectly attaching the 'rebuttal expert' designation to the tardily-disclosed expert.") (citing cases). And if Dr. Martin is not a rebuttal expert, Plaintiff contends

---

[2] Rule 26(a)(2)(D) provides, in relevant part, that a rebuttal expert may be served to contradict or rebut evidence within thirty days after the other party's disclosure:

> A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(D).

that his report is untimely because, pursuant to the Court's Scheduling Order, the deadline to produce an expert was on or before January 22, 2021.[3] Because Plaintiff has suffered prejudice in being unable to retain a rebuttal expert to contradict Dr. Martin's opinions and the time to do so has passed under the Court's Scheduling Order, Plaintiff asks the Court to strike Dr. Martin.

Plaintiff's second argument is that, even if the Court finds Dr. Martin to be a rebuttal expert, his opinions are not clearly articulated nor is there is any basis on how he reached his conclusions. Plaintiff says, for example, that Dr. Martin failed to identify any facts or data that he considered, making it impossible to understand the opinions he seeks to render. So, even if Defendants timely disclosed Dr. Martin, Plaintiff concludes that his report falls far short of the requirements in Rule 26.

Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witnesses it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). This disclosure must include "a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The report must also contain the following information: a complete statement of all the opinions the expert plans to express and the basis for them, the data considered by the expert in forming the

---

[3] The Court originally set a deadline to disclose experts for December 30, 2020, but the Court later extended it to January 22, 2021. [D.E. 67]. Defendants produced Dr. Martin on February 22, 2021, or thirty days after Plaintiff produced her expert.

3

opinions, any exhibits intended to be used in summarizing or supporting the opinions, the experts' qualifications including a list of all authored publications in the previous ten years, a list of all the other cases in which the witness testified as an expert during the previous four years, and a statement of the compensation the expert is to receive for the study and testimony in the case. *See* Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). These disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. Southern Co.,* 390 F.3d 695, 728 (11th Cir. 2004) (internal citation omitted), *overruled on other grounds, Ash v. Tyson Foods, Inc.,* 546 U.S. 454 (2006).

To this end, Rule 37(c)(1) provides a self-executing sanction for untimely expert reports. Rule 37(c)(1) states, in relevant part, that if a party fails to provide the information required by Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.,* 318 F. App'x 821, 824 (11th Cir. 2009) (per curiam) (quotation omitted). "In addition to or instead of [exclusion], the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses,

4

including attorney's fees, caused by the failure [to disclose]; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions." Fed. R. Civ. P. 37(c).

Substantial justification is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Ellison v. Windt,* 2001 WL 118617, at *2 (M.D. Fla. Jan. 24, 2001) (quotation and citation omitted). A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure. *See Home Design Servs. Inc. v. Hibiscus Homes of Fla., Inc.,* 2005 WL 2465020 (M.D. Fla. Oct. 6, 2005). The party failing to comply with Rule 26(a) bears the burden of establishing that its non-disclosure was either substantially justified or harmless. *See Surety Assocs., Inc. v. Fireman's Fund Ins. Co.,* 2003 WL 25669165 (M.D. Fla. Jan. 7, 2003).

Here, the parties disagree on whether Dr. Martin qualifies as a rebuttal expert because that role is reserved for an individual that offers evidence "intended solely to contradict or rebut evidence on the same subject matter identified by" the affirmative expert of another party. *Burger King Corp. v. Berry*, 2019 WL 571483, at *2 (S.D. Fla. Jan. 8, 2019) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)). There is no need to resolve that issue because – even if we assume that Dr. Martin qualifies as a rebuttal expert and that Defendants timely served his report in compliance with the Court's Scheduling Order – the report itself is woefully inadequate.

5

Dr. Martin's expert report is nine pages long and it enumerates on the first page that it complies with all the requirements under Rule 26. But, upon closer inspection, many of the items listed are found nowhere in the report itself. Dr. Martin says, for example, that a statement of his opinions is set forth in the attached report. It is unclear, however, where those opinions are located. And Plaintiff should not be tasked with relying on guesswork and speculation when reviewing an expert report. Indeed, after taking an independent review of Dr. Martin's report, the Court is still uncertain as to his opinions. Plaintiff called attention to this shortcoming in the motion to strike but Defendants sidestepped any mention of it in their response. The reason Defendants might have abandoned any opposition to this argument is because the report is confusing and lacking in clarity. And the failure to respond specifically to an argument raised in a motion is a sufficient reason, by itself, to grant the relief requested. *See, e.g.*, *West Coast Life Ins. Co. v. Life Brokerage Partners LLC*, 2009 WL 2957749, at *11 (S.D. Fla. Sept. 9, 2009) ("Plaintiff failed to respond to Defendant PVA's motion to dismiss Count 11, which alone constitutes grounds for the Court to dismiss this count by default.") (citing S.D. Fla. L.R. 7.1).

That is not, however, the only problem with Dr. Martin's expert report. He says that his report includes all the necessary facts and data, and he identifies some of the documents he considered by filename. That is insufficient because, for a case where Defendants have produced approximately 17,000 documents, it is impossible to discern the items that Dr. Martin reviewed. But, even if Dr. Martin had

adequately identified these documents, it is still unclear what facts or data he considered because that information is found nowhere in his report. And neither Defendants nor Dr. Martin give any clarity as to where the relevant information is located. The only conclusion to draw is that Dr. Martin's report fails to meet several requirements under Rule 26 because his opinions are unclear (to the extent they exist), and the data and facts are missing. Thus, the report fails in numerous respects and provides additional reasons for granting the relief requested. *See Romero v. Drummond Co.*, 552 F.3d 1303, 1324 (11th Cir. 2008) ("The plaintiffs failed to provide any sufficient disclosures 'as required by Rule 26(a),' before the deadline, so they could not offer any expert witnesses at trial.") (citing Fed. R. Civ. P. 37(c)(1)).

The only question now is what remedy is appropriate for Defendants' failure. Plaintiff says that she will be prejudiced if Defendants are allowed to re-serve Dr. Martin's expert report because she will not have sufficient time to identify, retain, and disclose a rebuttal expert to contradict Dr. Martin's testimony. Plaintiff is also concerned with giving Defendants additional time because the deadline to complete expert discovery passed on March 8, 2021, the deadline to file pretrial motions expired on March 23, 2021, and the trial date is set for May 24, 2021.

Plaintiff's arguments are well taken, in large part, because Defendants had the burden to show substantial justification or harmlessness and completely failed to do so. *See Okupaku v. Am. Airlines, Inc.*, 2007 WL 3511917, at *1 (S.D. Fla. Nov. 14, 2007) ("Plaintiff bears the burden to show that substantial justification exists

for the Court to allow these experts to testify despite their late disclosure, or that the failure to timely disclose them is harmless to Defendant.") (citing Fed. R. Civ. P. 37(c)(1); *Prieto v. Malgor,* 361 F.3d 1313, 1318 (11th Cir. 2004)). In fact, Defendants never even made an attempt to meet their burden; they simply focused on whether Dr. Martin qualifies as a rebuttal expert. But, for the reasons already discussed, the failure to comply with Rule 26 is the most obvious shortcoming in Dr. Martin's report.

The Court is therefore left without a single justification to provide Defendant additional time to make the corrections to Dr. Martin's expert report and to re-serve it in compliance with Rule 26. And although the trial date of May 24, 2021 is subject to change because of the District's Administrative Orders in response to the COVID-19 pandemic, that would require the extension of several deadlines (i.e. discovery, pretrial motions) that have now passed. Either way, the burden rested with Defendants to show substantial justification or harmlessness and Defendants neglected to do so. *See Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 825 (11th Cir. 2009) ("The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party.") (quoting *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006)). We therefore see no reason why we should allow Defendants to re-serve an expert report if they never requested that relief nor made any attempt to show that their failure was harmless or substantially justified. Accordingly, Plaintiff's motion to strike Dr. Martin is **GRANTED**.

8

## II. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to strike Dr. Martin is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of April, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge