United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kelly A. Jordan, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-20023-Civ-Scola |
| Claudio Filippone and others, | ) |
| Defendants. | ) |

### Order on Motion to Reconsider Order Denying Intervention

Movants, putative intervenors Filippone & Associates, LLC, and Carbon Free Holdings, LLC, ask the Court to reconsider the following orders:

(1) the Court's order (ECF No. 78) (a) denying the Movants' motion to exceed the twenty-page limitation (Mot. to Exceed Pages, ECF No. 76) with respect to their motion to intervene and, accordingly, (b) striking the movants' overlength motion to intervene (1st Mot. to Intervene, ECF No. 77);

(2) the Court's order (ECF No. 79) denying, without prejudice, counsel's motion to have out-of-state counsel appear pro hac vice (Pro Hac Mot., ECF No. 75);

(3) the Court's order (ECF No. 81) denying the Movants' second motion to intervene (2nd Mot. to Intervene, ECF No. 80) because their certificate of conferral was defective; and

(4) the Court's order (ECF No. 84) striking the Movants' third motion to intervene (3rd Mot. Intervene, ECF No. 83) as improperly submitted.

The Movants submit, in their motion, that, "[i]n order to prevent manifest injustice," they seek reconsideration of the Court's orders that "(i) bar [them] from prosecuting the merits of [their] Motion to Intervene; and (ii) deny [them] the right to have their Maryland counsel appear pro hac vic[]e to prosecute their motion." (Mot. for Recon., ECF No. 86, 7.) Plaintiff Kelly A. Jordan counters that denying the motion will not result in manifest justice because (1) "the Court has discretion to enforce its own Rules"; (2) the Movants "are not entitled to intervene"; and (3) the Movants' "request for intervention fails on the merits." (Pl.'s Resp., ECF No. 92, 9.) The Court has reviewed the briefing, the record, and the relevant legal authorities, and finds the Movants' arguments unavailing: the Movants have not persuaded the Court to reconsider the ultimate conclusions of the four orders listed above (ECF Nos. 78, 79, 81, 84), but the Court will add an additional basis for denying the Movants' motion,

predicated on the untimeliness of their efforts to intervene. Accordingly, the Court **denies** the Movants' motion for reconsideration (**ECF No. 86**).

### 1. Legal Standard

"[I]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (quoting *Vidinliev v. Carey Int'l, Inc.*, No. CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008)). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citation omitted). Certainly, if any of these situations arise, a court has broad discretion to reconsider a previously issued order. Absent any of these conditions, however, a motion to reconsider is not ordinarily warranted.

### 2. Analysis

To begin with, the Movants have not set forth any basis which would prompt the Court to reconsider its order denying counsel's motion for out-of-state counsel to appear pro hac vice (ECF No. 79). The motion was denied, *without* prejudice, based on the Clerk's Office's internal procedures, which noted that counsel failed to comply with Local Rule 4(b) of the Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys because he did not add the putative intervenors as participants, whether as parties or non-parties, to this case. Administratively, pro hac counsel cannot be added to a case without being associated with a participant in that case. Once counsel has added the putative intervenors to this case, as non-parties, pro hac counsel can be associated with those participants. This is a purely ministerial matter and counsel should contact the Clerk's Office directly if he needs more assistance.

Second, the Movants have not set forth any basis upon which the Court should reconsider its order denying their motion to exceed the page limitations

for their motion to intervene. Instead, they simply reargue their initial motion, insisting the relief they seek "simply" encompasses "too much ground to adequately cover in twenty . . . pages." (Mot. for Recon. at 9.) Further, the Movants also acknowledge "dropping" certain requests for relief, to bring their motion to intervene within the twenty-page limitations set forth in Local Rule 7.1. (*Id.* at 3–4.) In sum, the Movants have not convinced the Court that the additional pages are necessary or that the additional pages will not unduly burden the Court or the other parties to this litigation.

     Next, the Movants fail to explain why manifest injustice will result if their motion for reconsideration is denied. The Court has repeatedly pointed out the Movants' recurring failure to comply with Local Rule 7.1(a)(3)'s conferral requirements. In response, the Movants continue to resist complying with that rule. Tellingly, their motion for reconsideration itself is *also* noncompliant. The Movants insist they are not required to confer with Defendants Claudio Filippone, HolosGen, LLC, or HolosGen Holdings, LLC. In fact, they characterize the suggestion of such a conferral as being "absurd." (Reply in Support of Mot. for Recon. at 3.) They complain that requiring conferral with the Defendants makes no sense because it would entail counsel's "conferr[ing] with himself before filing his client's motion." (*Id.*) The Court disagrees. The very basis for the Movants' attempt to intervene is their supposition that the Defendants cannot adequately represent the Movants' interests in this litigation. As the Movants themselves contend, Defendant Filippone is not the alter ego of the Movants. Instead, they say they are separate "legal entities with separate legal existences, different stakeholders, different management, and different obligations" with entirely "separate legal rights." (*Id.* at 7.) There is no getting around, then, the applicability of Rule 7.1(a)(3) to the Defendants. There is no carve out for separate parties, in Local Rule 7.1., simply because they may be represented by the same counsel. Counsel failed to confer with the Defendants from the get-go, failed to confer with them with respect to every motion thereafter, and refuses to confer with them even in pressing this, their motion for reconsideration.[1] To this day, the Court has no idea what the Defendants' position is regarding the Movant's efforts to intervene. Counsel has not explained why manifest injustice would result based on counsel's own affirmative refusal to comply with the Court's rules. There is no argument that counsel or the Movants are unable to comply; just that they think complying doesn't make sense. That does not establish manifest injustice.

---

[1] The Movants' purposeful failure to confer, once again, with the Defendants, or to file a certificate of conferral with respect to the Defendants, provides an alternative basis for the Court to deny the Movants' motion to intervene.

Finally, even putting aside the Movants' noncompliance with the Court's procedural requirements, the Court finds the Movants have failed, in any event, to establish that their motion to intervene is timely. Among the requirements for establishing the right to intervention is that the application to intervene must be timely. *Burke v. Ocwen Fin. Corp.*, 833 Fed. App'x 288, 290 (11th Cir. 2020) (interpreting Rule 24(a)(2) "to require a party seeking intervention as a right to demonstrate that . . . their application to intervene is timely") (cleaned up). Further, the putative intervenors bear the burden of establishing timeliness. *Id.* In evaluating timeliness, the Court considers the following factors: (1) the length of time during which the putative intervenors knew or reasonably should have known of the interest in the case before seeking intervention; (2) the extent of prejudice to the existing parties to the case occasioned by any delay between when the putative intervenors knew or should have known of the interest in the case and when they sought intervention; (3) the extent of prejudice that the putative intervenors may suffer if intervention is denied; and (4) any unusual circumstances militating either for or against a finding of timeliness. *Id.* at 291.

With respect to timeliness, the Movants, in their motion for reconsideration, say they "had not sought to intervene before because they were not aware Plaintiff was seeking to attach their intellectual property." (Mot. for Recon. at 10.) They explain that "this claim only became apparent to [the Movants'] management, Defendant Claudio Filippone, in recent discovery and reports filed by Plaintiff." (*Id.*) They then expound that "[t]hereafter, the Defendants informed Petitioners of this claim and Petitioners are acting diligently and deliberately to get their motion in." (*Id.*) The Movants also complain that if they are denied intervention, they "will be denied the opportunity to receive notice and be heard on their property rights and/or the parties will be forced into multiple lawsuits in order for [the Movants] to be heard as to their property rights." (*Id.* at 11.)

The Movants' arguments are unavailing. The deadline to add additional parties or amend the pleadings has long since passed, fact and expert witness discovery are closed, mediation has been conducted, and pretrial motions have been filed. By contrast, the Movants' contentions regarding timeliness, at this late stage, are vague, conclusory, and unconvincing. While the Movants mention, in their reply, that it became "clear," in late January, 2021, "that Plaintiff is seeking the turnover of all IP created and developed by Defendant Filippone," they offer no explanation as to why this date represents the earliest time when the Movants should have reasonably known of their alleged interest in this case. (Reply at 4.) While the Movants say "the emergence of this claim at

this late stage of the litigation is what motivated them to get off the sidelines and seek to intervene," they simply fail to explain why that event actually marks the earliest time by which they should have reasonably known of their interests in this litigation. (*Id.*) They also neglect to connect the dots between the reports and other submissions which they interpret as expanding Jordan's claim to encompass the Movants' property, on the one hand, and Jordan's operative complaint, on the other. In other words, even if it is true that Jordan has now expressed a claim over intellectual property the Movants' believe they own, the Movants fail to establish that Jordan is actually seeking to assert those rights through *this litigation.*[2] Finally, the Movants also fail to provide any justification even for the delay between January, when Jordan's new claim became "clear" (Reply to Mot. for Recon. at 4) and March 5, when they filed their first motion to intervene (ECF No. 77). *See Roberts v. Gordy*, 13-24700-CIV, 2015 WL 11201183, at *2 (S.D. Fla. Apr. 14, 2015) (Williams, J.) (finding intervention untimely where the putative intervenors filed their motion five months after becoming aware of the lawsuit, more than one year after the lawsuit had been filed, after the deadline to join additional parties had passed, after discovery had been substantially completed, and after the parties had participated in mediation); *Burke*, 833 Fed. App'x at 291 (finding a motion to intervene, filed a year and a half after the initial complaint, "probably untimely" "[o]n those facts alone").

      Similarly, the Court finds the Movants' protestations of prejudice unavailing. Their complaints that they will be "denied the opportunity to receive notice and be heard on their property rights," like their arguments regarding delay, are also vague and lacking in any factual or legal support. (Mot. for Recon. at 11.) The Movants' concerns that "the parties will be forced into multiple lawsuits in order for [the Movants] to be heard as to their property rights" suffer from the same defects. (*Id.*) Which parties? Which property rights? How will they be forced?

      In contrast, the Plaintiffs, as well as the Defendants, would all be prejudiced, to varying degrees, by the participation of the putative intervenors

---

[2] For example, the Movants, in their third motion to intervene, say, "Jordan's mental gymnastics have implicated property interests of third parties who need to be given notice of the reach of Jordan's claims and an opportunity to be heard as to them." (3rd Mot. to Intervene at 12.) The Movants provide no explanation as to how Jordan's alleged claims to property not encompassed by his operative complaint have somehow transformed his lawsuit into an attempt to "use this litigation to seize all intellectual property Filippone ever created," some of which "belongs to others and others have license rights as to them." (*Id.*) If Jordan's complaint somehow encompasses claims against the Movants' property, it did so from, at the *very* latest, when Jordan filed his second amended complaint, in April 2020, over a year ago.

in this case. Their entry into this case, at this late stage of its evolution, a year and a half since it was initiated, would necessarily inject new facts and issues into the case and no doubt require the re-opening of discovery or further pleading and motion practice, at a minimum. Simply put, the Movants' generalized claims and unsupported allegations, without more, are not enough to carry their burden of persuading the Court that any, never mind the majority, of the timeliness factors tip in their favor.

Nor does the Court find permissive intervention warranted. Under Rule 24(b), the Court has discretion to permit intervention where a putative intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising its discretion, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Allowing intervention under Rule 24(b) "is wholly discretionary . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Burke*, 833 Fed. App'x at 293 (cleaned up). For the same reasons set forth above, the Court, in its discretion, does not find permissive intervention warranted here.

### 3. Conclusion

As set forth above, because the Court finds the Movants have failed to establish their right to either intervention as of right or permissive intervention, they cannot show manifest injustice in the Court's denial of their motions on procedural grounds. Accordingly, the Court **denies** the Movant's motion for reconsideration (**ECF No. 86**), finding no reason to disturb any of the objected to orders.

**Done and ordered**, in Miami, Florida, on April 22, 2021.

_____
Robert N. Scola, Jr.
United States District Judge